LODGED ORIGINAL

APR 3 0 2002

CLERK U. S. DISTRICT COURT
DISTRICT OF HAWAII

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

EARL I. ANZAI ATTORNEY GENERAL
FOR THE STATE OF HAWAII, as *Parens
Patriae* for the Natural Persons Residing in
Hawaii, and on behalf of the State of Hawaii,
its Political Subdivisions and Governmental
Agencies,

          Plaintiff,

vs.

CHEVRON CORPORATION; CHEVRON
U.S.A., INC.; TESORO HAWAII
CORPORATION, as Successor-In-Interest to
BHP PETROLEUM AMERICAS REFINING
INC.; BHP HAWAII INC.; SHELL OIL
COMPANY; SHELL OIL PRODUCTS
COMPANY; TEXACO, INC.; TEXACO
REFINING AND MARKETING, INC.;
TESORO PETROLEUM CORPORATION;
TESORO HAWAII CORPORATION;
TOSCO CORPORATION; UNION OIL
COMPANY OF CALIFORNIA; and
UNOCAL CORPORATION,

          Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

CIVIL NO. CV 98-00792-SPK

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

APR 3 0 2002

at ___ o'clock and ___ min. ___ M.
WALTER A. Y. H. CHINN, CLERK

## FINAL JUDGMENT

Before the Court is a motion for final approval of the terms of the Settlement Agreement

and Mutual Release ("Settlement Agreement") between Chevron Corporation; Chevron U.S.A.,

Inc.; Shell Oil Company; Shell Oil Products Company; Texaco, Inc.; Texaco Refining and

Marketing, Inc.; Tosco Corporation, a wholly owned subsidiary of Phillips Petroleum Company;

Union Oil Company of California; and Unocal Corporation ("Defendants"), on the one hand, and

Plaintiffs, on the other hand.

[794548.2]

# EXHIBIT "B"



Plaintiffs and Defendants executed the Settlement Agreement attached as Exhibit A on March 7, 2002. On March 8, 2002, this Court entered its Order of Preliminary Approval, scheduling a Settlement Hearing to consider whether the proposed settlement should be approved as fair, adequate and reasonable.

The Order of Preliminary Approval directed the Plaintiffs to give notice of the proposed settlement and the Settlement Hearing to the natural persons residing in the State of Hawaii at any time to the present. Affidavits of publication, filed with the Court, demonstrate that this Court's directions with respect to the Notice of Settlement have been complied with. The Court finds that this notice constituted the best notice practicable under the circumstances and the notice complied with due process and with 15 U.S.C. § 15c.

The Settlement Hearing was held before the Court on April 30, 2002, at which time all interested persons were given an opportunity to be heard.

### Definitions

1.1    Affiliates. "Affiliates" means those entities which were either (i) A Defendant's direct or indirect parent entity(ies), or (ii) entities in which that Defendant or its direct or indirect parent entities own, directly or indirectly, 50 percent or more of the ownership interest.

1.2    Defendants. "Defendants" means Chevron Corporation; Chevron U.S.A., Inc.; Shell Oil Company; Shell Oil Products Company; Texaco Inc.; Texaco Refining and Marketing, Inc.; Tosco Corporation, a wholly owned subsidiary of Phillips Petroleum Company; Union Oil Company of California; and Unocal Corporation.

1.3    Lawsuit. "Lawsuit" means Civil No. 98-00792-SPK, in the United States District Court for the District of Hawaii, styled *Earl I. Anzai, Attorney General for the State of Hawaii, as parens patriae for the natural persons residing in Hawaii, and on behalf of the State of Hawaii, its Political Subdivisions and Governmental Agencies v. Chevron Corporation; Chevron*

[794548.2]

*U.S.A., Inc.; Tesoro Hawaii Corporation, as successor-in-interest to BHP Petroleum Americas*

*Refining Inc.; BHP Hawaii Inc.; Shell Oil Company; Shell Oil Products Company; Texaco Inc.;*

*Texaco Refining and Marketing, Inc.; Tesoro Petroleum Corporation; Tesoro Hawaii*

*Corporation; Tosco Corporation; Union Oil Company of California; and Unocal Corporation.*

1.4    Notice Expenses. "Notice Expenses" means the reasonable expenses incurred in providing reasonable notice to those natural persons residing or who have resided in the State of Hawaii pursuant to the Plan of Notice, including costs of publishing the Notice of Settlement.

1.5    Plaintiffs. "Plaintiffs" means the Attorney General of the State of Hawaii as *parens patriae* for the natural persons residing in the State of Hawaii at any time to the present; the State of Hawaii and its departments, agencies, divisions and other entities; and all others on whose behalf the Attorney General of the State of Hawaii brought this lawsuit as identified in the Complaint, the First Amended Complaint, and the Second Amended Complaint; and the legal representatives, predecessors, successors, and assigns of Plaintiffs.

1.6    Released Parties. (i) "Released Defendant Parties" means, severally and collectively, Defendants who have not withdrawn from the Settlement Agreement pursuant to paragraph 3.3(f) of the Agreement and Equilon Enterprises L.L.C. (subject to paragraph 3.3(f) of the Agreement), and all past and present agents, employees, officers, directors, representatives, attorneys, Affiliates, predecessors, successors, and assigns of each such Defendant and Equilon Enterprises L.L.C.; and (ii) "Released Plaintiff Parties" means the State of Hawaii and its past and present Attorneys General and the agents, employees, representatives and attorneys of the Attorney General's office.

1.7    Settled Claims. "Settled Claims" means all claims, causes of action and liabilities of whatever nature or origin, known and unknown, that have been, could have been, or could be

- 3 -

[794548.2]

asserted against Released Defendant Parties or Released Plaintiff Parties (including, but not limited to, contract claims, tort claims, and claims arising under state or federal statute, regulation or antitrust law, including those arising under HRS §480-2) that arise from any act or acts occurring prior to the date of the Settlement Agreement and that relate to: (1) the pricing, sale, purchase, manufacture, exchange, marketing, delivery, and/or offering of gasoline, diesel, jet fuel and/or any other petroleum product or products; (2) the sale or purchase of assets located in the State of Hawaii and any government review process with respect to the sale and purchase of any assets; (3) the State's investigation of gasoline pricing and/or the conduct of the parties and their attorneys in the Lawsuit, including without limitation the Defendants' responses to Civil Investigative Demands or statements to the legislature or others; (4) any antitrust violation; (5) any allegation contained in the Lawsuit; or (6) any petroleum products, and that have been brought or could have been brought by or on behalf of Plaintiffs in the Lawsuit.

"Settled Claims" does not include claims substantially unrelated to either: (1) the antitrust laws or regulations, (2) deceptive trade practices, (3) unfair acts or practices raised in the Lawsuit, (4) trade regulation, or (5) claims in the Lawsuit. "Settled Claims" does not include, for example, environmental claims brought by the Plaintiffs and contractual claims of the Defendants for monies owed by the Plaintiffs for the purchase of petroleum products by the Plaintiffs from the Defendants. Without regard to the scope of the first paragraph of this section, the Release does not include the claims asserted by Chevron or the State in *Chevron U.S.A., Inc. v. Cayetano*, Civil No. 97-0093.

1.8    Settlement Amount. "Settlement Amount" means the sum of $20 million less the amount of approved Notice Expenses in paragraph 7 below. Of this amount, Chevron Corporation and Chevron U.S.A., Inc., will pay a combined total of $5 million; Shell Oil

[794548.2]

Company and Shell Oil Products Company will pay a combined total of $5 million; Texaco, Inc., and Texaco Refining and Marketing, Inc. will pay a combined total of $5 million; Tosco Corporation, a wholly owned subsidiary of Phillips Petroleum Company, will pay $1.7 million; and Union Oil Company of California and Unocal Corporation will pay a combined total of $3.3 million. Upon such payment by the Defendants, their responsibility or liability, if any, for the use of the Settlement Amount is extinguished, and any liabilities relating to the use of the funds are the sole responsibility of the Plaintiffs. Plaintiffs shall have sole responsibility for payment of taxes, if any, on the Settlement Amount and/or its earnings thereon while in the District Court's control.

1.9 Settling Parties. "Settling Parties" means Plaintiffs and Defendants, severally and collectively.

The Court concludes that the Settlement Agreement is fair, adequate and reasonable, and that it should be approved. It is, therefore

ORDERED as follows:

1. This Court has original and supplemental jurisdiction to resolve by settlement and judgment all of the Settled Claims.

2. The Attorney General of the State of Hawaii and the Special Deputy Attorneys General fairly and adequately protect the interests of those persons residing in the State of Hawaii at any time to the present.

3. Those persons who have filed timely and valid requests for exclusion from the settlement ("Opt-Out Claimants") are identified in Exhibit B to this Final Judgment. The Opt-Out Claimants are not bound by this Final Judgment. The Opt-Out Claimants shall not receive any benefit under the settlement.

[794548.2]

4.     Those natural persons residing in the State of Hawaii at any time to the present who have not filed timely and valid requests for exclusion from the settlement ("Settlement Claimants") are bound by this Final Judgment and by the terms of the Settlement Agreement.

5.     The Settlement Agreement is fair, adequate and reasonable.  It is hereby finally approved in all respects, and the Settling Parties are hereby directed to consummate and perform its terms.

6.     The approval of the Settlement Agreement and the entry of this Final Judgment (i) fully releases and discharges Released Defendant Parties with respect to Settled Claims belonging to Plaintiffs and Settlement Claimants, and (ii) releases Released Plaintiff Parties from liability, if any, to Defendants with respect to the Settled Claims.

7.     The application by Defendants for reimbursement of the expenses associated with publishing the Notice of Settlement is hereby granted.  Defendants are awarded $ 12,804.99 as reimbursement of these expenses, deducted from the amount to be paid by Defendants.

8.     Released Defendant Parties are dismissed with prejudice, and all claims in this lawsuit are dismissed with prejudice as to the Released Defendant Parties.

9.     The Defendants' responsibility for the use or payment of any funds is extinguished once payment of the Settlement Amount is paid into the registry of the Court and any liabilities relating to the funds rest solely with the State of Hawaii after the payment into the registry of the Court of the Settlement Amount by the Defendants.

10.     All state law claims in this lawsuit arise from the same nucleus of operative facts and form part of the same case or controversy as the federal claims alleged in this lawsuit.

[794548.2]

11.    This Court shall retain continuing jurisdiction over the Settlement Amount, the Settling Parties and the Settlement Claimants for the purposes of enforcing, implementing, administering, construing and interpreting the Settlement Agreement.

12.    The Plaintiffs and Settlement Claimants are denied all relief not expressly granted by this Final Judgment.

13.    This Court finds that, as Plaintiffs have acknowledged, the Settlement Amount to be paid under the terms of the Settlement Agreement by the Defendants is fair, adequate and reasonable in respect to the liability alleged.

14.    This Final Judgment does not address any application for attorneys' fees and expenses and does not address any applications for the use or allocation of the settlement funds. Any objection, dispute, controversy or appeal related to any application for attorneys' fees and expenses or to any application for the use or allocation of the settlement funds shall not affect the finality of this Judgment.

SIGNED this **30**th day of **APRIL**, 2002.

_____
UNITED STATES DISTRICT JUDGE

- 7 -

[794548.2]