## SETTLEMENT AGREEMENT AND MUTUAL RELEASE

The Attorney General of the State of Hawaii; Chevron Corporation; Chevron U.S.A., Inc.; Shell Oil Company; Shell Oil Products Company; Texaco, Inc.; Texaco Refining and Marketing, Inc.; Tosco Corporation, a wholly owned subsidiary of Phillips Petroleum Company; Union Oil Company of California; and Unocal Corporation ("Defendants") enter into this Settlement Agreement and Mutual Release ("Settlement Agreement") settling the claims brought by Plaintiff against Defendants in the lawsuit Civil No. 98-00792-SPK, in the United States District Court for the District of Hawaii ("District Court"), styled *Earl I. Anzai, Attorney General for the State of Hawaii, as parens patriae for the natural persons residing in Hawaii, and on behalf of the State of Hawaii, its Political Subdivisions and Governmental Agencies v. Chevron Corporation; Chevron U.S.A. Inc.; Tesoro Hawaii Corporation, as successor-in-interest to BHP Petroleum Americas Refining Inc.; BHP Hawaii Inc.; Shell Oil Company; Shell Oil Products Company; Texaco, Inc.; Texaco Refining and Marketing, Inc.; Tesoro Petroleum Corporation; Tesoro Hawaii Corporation; Tosco Corporation; Union Oil Company of California; and Unocal Corporation.*

This Settlement Agreement is made following arm's-length negotiations between and among the Settling Parties (as hereinafter defined). It takes into consideration the expense of further proceedings, the strengths and weaknesses of the claims against Defendants, the defenses thereto, the timing of the settlement, and such other factors as are appropriate in evaluating the matter.

In consideration of the mutual covenants set forth below, the Settling Parties agree that, subject to prior final approval by the District Court and the entry of Final Judgment, the Settled Claims shall be settled and the Defendants dismissed with prejudice, subject to the following terms and conditions.

Settlement Agreement And Mutual Release

# EXHIBIT "C"

1.    **DEFINITIONS**

As used in this Settlement Agreement and the Exhibits hereto, the following terms have the meanings specified below.

1.1    Affiliates. "Affiliates" means those entities which were either (i) A Defendant's direct or indirect parent entity(ies), or (ii) entities in which that Defendant or its direct or indirect parent entities own, directly or indirectly, 50 percent or more of the ownership interest.

1.2    Defendants. "Defendants" means Chevron Corporation; Chevron U.S.A., Inc.; Shell Oil Company; Shell Oil Products Company; Texaco Inc.; Texaco Refining and Marketing, Inc.; Tosco Corporation, a wholly owned subsidiary of Phillips Petroleum Company; Union Oil Company of California; and Unocal Corporation.

1.3    Effective Date. "Effective Date" means the date on which the Judgment becomes the Final Judgment.

1.4    Final Judgment. If no direct appeal or mandamus from the Judgment has been filed, the Judgment becomes "Final" upon the expiration of the time under Fed. R. App. P. 4(a)(1) for filing a notice of direct appeal from the Judgment. If a timely direct appeal from the Judgment is filed and either the Judgment is affirmed or the appeal is dismissed, the Judgment becomes the Final Judgment when all appeals are completed or when the time for seeking all further appeals or review expires.

1.5    Judgment. "Judgment" means a final judgment to be rendered by the District Court substantially in the form of Exhibit C hereto.

1.6    Lawsuit. "Lawsuit" means Civil No. 98-00792-SPK, in the United States District Court for the District of Hawaii, styled *Earl I. Anzai, Attorney General for the State of Hawaii, as parens patriae for the natural persons residing in Hawaii, and on behalf of the State of Hawaii, its Political Subdivisions and Governmental Agencies v. Chevron Corporation; Chevron U.S.A. Inc.; Tesoro Hawaii Corporation, as successor-in-interest to BHP Petroleum Americas*

Settlement Agreement And Mutual Release

2

*Refining Inc.; BHP Hawaii Inc.; Shell Oil Company; Shell Oil Products Company; Texaco, Inc.; Texaco Refining and Marketing, Inc.; Tesoro Petroleum Corporation; Tesoro Hawaii Corporation; Tosco Corporation; Union Oil Company of California; and Unocal Corporation.*

1.7    Notice Expenses. "Notice Expenses" means the reasonable expenses incurred in providing reasonable notice to those natural persons residing or who have resided in the State of Hawaii pursuant to the Plan of Notice, including costs of publishing the Notice of Settlement.

1.8    Notice of Settlement. "Notice of Settlement" means the notice of this Settlement Agreement and of the Settlement Hearing substantially in the form of Exhibit A hereto that is to be published pursuant to the Plan of Notice.

1.9    Opt-Out Claimant. "Opt-Out Claimant" means a natural person who has resided in the State of Hawaii at any time and who submits a timely and valid request for exclusion in accordance with the Order of Preliminary Approval and the Notice of Settlement, and who does not revoke that request for exclusion in writing prior to or at the Settlement Hearing.

1.10    Opt-Out Claims. "Opt-Out Claims" means Settled Claims that belong to Opt-Out Claimants. Opt-Out Claims are not settled by this Settlement Agreement.

1.11    Order of Preliminary Approval. "Order of Preliminary Approval" means an order of the District Court substantially in the form of Exhibit B hereto.

1.12    Plaintiffs. "Plaintiffs" means the Attorney General of the State of Hawaii as *parens patriae* for the natural persons residing in the State of Hawaii at any time to the present; the State of Hawaii and its departments, agencies, divisions and other entities; and all others on whose behalf the Attorney General of the State of Hawaii brought this lawsuit as identified in the Complaint, the First Amended Complaint, and the Second Amended Complaint; and the legal representatives, predecessors, successors, and assigns of Plaintiffs.

Settlement Agreement And Mutual Release

1.13    Plan of Notice. "Plan of Notice" means the plan to provide notice to the natural persons residing in the State of Hawaii at any time to the present as described in section 3.2(a) below.

1.14    Released Parties. (i) "Released Defendant Parties" means, severally and collectively, Defendants who have not withdrawn from this Agreement pursuant to paragraph 3.3(f) below, and Equilon Enterprises L.L.C. (subject to paragraph 3.3 (f) below), and all past and present agents, employees, officers, directors, representatives, attorneys, Affiliates, predecessors, successors and assigns of each such Defendant and Equilon Enterprises L.L.C.; and (ii) "Released Plaintiff Parties" means the State of Hawaii and its past and present Attorneys General and the agents, employees, representatives and attorneys of the Attorney General's office.

1.15    Settled Claims. "Settled Claims" means all claims, causes of action and liabilities of whatever nature or origin, known and unknown, that have been, could have been, or could be asserted against Released Defendant Parties or Released Plaintiff Parties (including, but not limited to, contract claims, tort claims, and claims arising under state or federal statute, regulation or antitrust law, including those arising under HRS §480-2) that arise from any act or acts occurring prior to the date of this Settlement Agreement and that relate to: (1) the pricing, sale, purchase, manufacture, exchange, marketing, delivery, and/or offering of gasoline, diesel, jet fuel and/or any other petroleum product or products; (2) the sale or purchase of assets located in the State of Hawaii and any government review process with respect to the sale and purchase of any assets; (3) the State's investigation of gasoline pricing and/or the conduct of the parties and their attorneys in the Lawsuit, including without limitation the Defendants' responses to Civil Investigative Demands or statements to the legislature or others; (4) any antitrust violation; (5) any allegation contained in the Lawsuit; or (6) any petroleum products, and that have been brought or could have been brought by or on behalf of Plaintiffs in the Lawsuit.

Settlement Agreement And Mutual Release

4

"Settled Claims" does not include claims substantially unrelated to either: (1) the antitrust laws or regulations, (2) deceptive trade practices, (3) unfair acts or practices raised in the Lawsuit, (4) trade regulation, or (5) claims in the Lawsuit. "Settled Claims" does not include, for example, environmental claims brought by the Plaintiffs and contractual claims of the Defendants for monies owed by the Plaintiffs for the purchase of petroleum products by the Plaintiffs from the Defendants. Without regard to the scope of the first paragraph of this section, the Release does not include the claims asserted by Chevron or the State in *Chevron U.S.A., Inc. v. Cayetano*, Civil No. 97-0093.

1.16    Settlement Amount. "Settlement Amount" means the sum of $20 million.

1.17    Settlement Hearing. "Settlement Hearing" means the hearing to be held before the District Court to determine (a) whether this Settlement Agreement, including Exhibits, should be approved; (b) whether the Judgment should be entered; and (c) whether the applications for reimbursement to Defendants of the Notice Expenses should be approved.

1.18    Settling Parties. "Settling Parties" means Plaintiffs and Defendants, severally and collectively.

## 2.    NO ADMISSION OF LIABILITY

Defendants deny any wrongdoing or liability, and this Settlement Agreement and any statement herein shall not be construed or interpreted as an admission or evidence of any liability by any Defendant. Defendants deny each of the claims alleged in the Lawsuit, and enter into this Settlement Agreement solely to avoid the further expenses and burden of protracted litigation. The settlement embodied in this Settlement Agreement and any Exhibits thereto is made to compromise and settle the Settled Claims without further litigation.

## 3.    RIGHTS AND DUTIES OF SETTLING PARTIES

3.1    Prompt implementation of this Settlement Agreement. It is the mutual intent of the Settling Parties to consummate this Settlement Agreement promptly. They agree to

Settlement Agreement And Mutual Release

cooperate and to exercise their best efforts to the extent necessary to effectuate and implement all of its terms and conditions, as quickly as possible.

(a)    The Settling Parties shall promptly and jointly submit this Settlement Agreement, including the Exhibits hereto, to the District Court for preliminary approval and shall file a motion that requests the District Court to enter an Order of Preliminary Approval substantially in the form of Exhibit B hereto.

(b)    In proceedings before the District Court and before any appellate courts, if necessary, Plaintiffs and Defendants shall affirmatively present their support for the Judgment approving this Settlement Agreement.

3.2    Publication of notice.  After the District Court grants preliminary approval of the Settlement Agreement (including the Plan of Notice) and after the District Court enters the Order of Preliminary Approval, Plaintiffs shall cause to be published the Notice of Settlement according to the Plan of Notice.  Subject to approval by the District Court, Notice Expenses shall be paid initially by Defendants, and then reimbursed to Defendants by means of a deduction from the Settlement Amount.

(a)    Plan of Notice.  The Notice of Settlement attached as Exhibit A shall be placed as an advertisement in "The Honolulu Advertiser," "The Honolulu Star-Bulletin," "The Hawaii Tribune Herald," "The Garden Island," "The West Hawaii Today," "The Maui News," and "USA Today."  The advertisements shall run in two consecutive weekday editions for the Hawaii newspapers and shall run in one weekday edition of the "USA Today."  The advertisements shall begin running within ten days after the entry of the Order of Preliminary Approval.  In addition, Plaintiffs will give notice on two consecutive Mondays as per the Hawaii State and County Public Notice Protocols at Plaintiffs' expense.  A website will also be created by Plaintiffs' counsel at the expense of such counsel for the purpose of providing access to this Settlement Agreement.

Settlement Agreement And Mutual Release

3.3    Requests for exclusion by Hawaii residents. Any natural person residing in the State of Hawaii at any time to the present may request not to participate in the settlement of the Lawsuit by submitting a timely request for exclusion in accordance with the Order of Preliminary Approval and the Notice of Settlement.

(a)    An Opt-Out Claimant waives any and all claims to any part of the Settlement Amount and any benefits under this Settlement Agreement.

(b)    A natural person who submits a timely request for exclusion, but who thereafter revokes that request for exclusion in writing prior to or at the Settlement Hearing, will not be an Opt-Out Claimant.

(c)    Neither the Settling Parties nor their respective counsel shall in any way encourage any person to become an Opt-Out Claimant or discourage any such person from participating in this settlement.

(d)    The Settling Parties waive any right to appeal or collaterally attack the Judgment entered pursuant to this Settlement Agreement.

(e)    When counsel for Plaintiffs receives a request for exclusion from the settlement, such counsel shall deliver a copy of it to counsel for each of the Defendants within one business day after receipt.

(f)    If more than 100 natural persons opt-out of this settlement and become Opt-Out Claimants, or if in the opinion of one or more Defendants the Opt-Out Claims that could reasonably be expected to be made by the Opt-Out Claimants exceed $ 1 million in the aggregate, any Defendant has the right to withdraw from this Agreement, with the Defendant being required to exercise that right within 10 days after the date by which natural persons must submit their notice of becoming an Opt-Out Claimant. In the event that one or more, but less than all, of the Defendants elect to withdraw from the Agreement pursuant to this paragraph, the Agreement shall remain valid and enforceable as between Plaintiffs and the other Defendants,

Settlement Agreement And Mutual Release

each of which shall pay the amount specified separately for it in paragraph 3.4.  In that event, those Defendants that elect to withdraw from the Agreement expressly waive and release any and all rights to seek contribution or indemnity, or otherwise to seek reimbursement, from the other Released Defendant Parties for any liability, damages, penalties, costs, or expenses of any kind or nature incurred in connection with or as a result of the Lawsuit. Equilon Enterprises L.L.C. shall remain a Released Defendant Party unless all of Shell Oil Company and Shell Oil Products Company and Texaco, Inc. and Texaco Refining and Marketing, Inc. elect to withdraw from the Agreement pursuant to this paragraph.

    3.4    <u>Payment of Settlement-Amount</u>.  As soon as practicable after the Effective Date, the Defendants shall pay the Settlement Amount, less any approved Notice Expenses, into the Registry of the District Court.  No distribution of the funds placed in the Registry of the District Court shall occur without an order from the District Court, less any approved Notice Expenses. Of the $20 million included in the Settlement Amount, Chevron Corporation and Chevron U.S.A., Inc., will pay a combined total of $5 million; Shell Oil Company and Shell Oil Products Company will pay a combined total of $5 million; Texaco, Inc., and Texaco Refining and Marketing, Inc. will pay a combined total of $5 million; Tosco Corporation, a wholly owned subsidiary of Phillips Petroleum Company, will pay $1.7 million; and Union Oil Company of California and Unocal Corporation will pay a combined total of $3.3 million.  Upon such payment by the Defendants, their responsibility or liability, if any, for the use of the Settlement Amount is extinguished, and any liabilities relating to the use of the funds are the sole responsibility of the Plaintiffs.  Plaintiffs shall have sole responsibility for payment of taxes, if any, on the Settlement Amount and/or its earnings thereon while in the District Court's control.

    It is the Settling Parties' intent that the Settlement Amount pursuant to this Settlement Agreement be established as and meet all requirements of a Qualified Settlement Fund within the meaning of Treas. Reg. § 1.468B-1.  The Settling Parties agree to take all

Settlement Agreement And Mutual Release

reasonable steps necessary to establish and obtain District Court approval, if necessary, for the establishment of a Qualified Settlement Fund.

3.5    Entry of judgment dismissing Plaintiffs' Claims. The Settling Parties agree to the entry of a judgment dismissing the Lawsuit with prejudice, contemporaneous with the District Court's final approval of this Settlement Agreement. The District Court shall be requested to consider at a hearing separate and apart from any hearing related to this Settlement Agreement any motions or applications concerning (i) attorneys' fees, costs, and expenses and (ii) the allocation of the Settlement Amount. Any objections, disputes, appeals or controversies relating to or arising from such matters shall not delay or impact the finality of the District Court's orders concerning the fairness and reasonableness of this Settlement Agreement and the releases herein. The Settling Parties agree to request a form of Judgment substantially in the form of Exhibit C. The Settling Parties agree that the Judgment must be a final judgment within the meaning of Fed. R. Civ. P. 54(b). The Judgment shall extinguish any liability of Defendants with respect to the claims made in the Lawsuit and with respect to Settled Claims.

3.6    Continuing jurisdiction. The Settling Parties agree that (i) the Judgment shall provide that, notwithstanding the entry of the Judgment, the District Court shall retain continuing jurisdiction over the Settlement Amount and the Settling Parties; (ii) the District Court's continuing jurisdiction shall include jurisdiction to order injunctive relief for the purposes of enforcing, implementing, administering, construing and interpreting this Settlement Agreement; and (iii) entry of Judgment substantially in the form attached as Exhibit C is a condition of this settlement.

3.7    Release of Settled Claims. As of the Effective Date, Plaintiffs, on behalf of themselves and their predecessors, successors, assigns and legal representatives, release Released Defendant Parties from liability with respect to the Settled Claims. Likewise, as of the Effective Date, Defendants, on behalf of themselves and their predecessors, successors, assigns, and legal

Settlement Agreement And Mutual Release

9

representatives, release Released Plaintiff Parties from liability with respect to the Settled Claims.

It is expressly understood that this settlement and the releases herein apply to all Settled Claims, whether known or unknown, and regardless of whether after-discovered facts, if known, would have altered the decision to enter into this agreement.

(a)     All natural persons residing in the State of Hawaii at any time to the present who do not become Opt-Out Claimants shall be deemed to release Released Defendant Parties from liability with respect to all Settled Claims.

## 4.     EFFECT OF DISAPPROVAL

4.1     In the event that (a) the District Court does not enter the Judgment in accord with this Settlement Agreement, or (b) such Judgment is reversed or vacated on appeal or on other review, or (c) the Effective Date does not occur for any reason, or (d) the District Court does not approve the "Notice of Settlement" or a notice substantially similar to the Notice of Settlement then

(i)     this Settlement Agreement shall terminate,

(ii)     any Judgment entered pursuant to this Settlement Agreement shall be vacated,

(iii)     the Lawsuit against Defendants shall proceed as if this Settlement Agreement had never been executed, and

(iv)     this Settlement Agreement may not be used in this Lawsuit or otherwise for any purpose, including but not limited to any evidentiary purpose.

## 5.     ATTORNEYS' FEES AND EXPENSES

5.1     Plaintiffs may apply to the District Court for (i) an award of attorneys' fees and (ii) reimbursement of costs and those expenses incurred in prosecuting this Lawsuit. Subject to approval of the District Court, such award and reimbursement shall be paid out of the Settlement Amount. Any application by Plaintiffs for attorneys' fees, costs, and expenses, and any disputes

Settlement Agreement And Mutual Release

or controversies arising therefrom shall be considered separate and apart from the District Court's consideration of the fairness and reasonableness of this Settlement Agreement.

5.2    Defendants may apply to the District Court for reimbursement of the reasonable Notice Expenses advanced or incurred by Defendants.  Any such reimbursement shall be paid by means of a deduction from the Settlement Amount.

6.    **OTHER PROVISIONS**

6.1    Each of the Settling Parties has relied upon his or its own counsel's advice in entering into this Settlement Agreement and not upon the advice of any other party's counsel.

6.2    All of the Exhibits to this Settlement Agreement are material and integral parts hereof, and they are fully incorporated herein by reference.

6.3    This Settlement Agreement may be amended or modified only by a written instrument signed by or on behalf of the Settling Parties or their successors in interest.

6.4    This Settlement Agreement may be executed in multiple counterparts.

6.5    This Settlement Agreement and the Exhibits hereto constitute the entire agreement between Plaintiffs on the one hand and Defendants on the other hand and supersede any prior agreement or communication, whether oral or written, with respect to the subject matter hereof.

6.6    This Settlement Agreement (including the Exhibits hereto) and all documents relating hereto shall be construed and interpreted under federal law where applicable and, otherwise, under the internal laws of the State of Hawaii without regard to conflict of law principles.

6.7    Except as otherwise provided in this Settlement Agreement or as provided in any separate agreement between or among the Defendants, each Settling Party shall bear its own costs including taxable court costs.

Settlement Agreement And Mutual Release

6.8    Each Released Defendant Party hereby expressly waives and releases any and all rights to seek contribution or indemnity, or otherwise to seek reimbursement, from any other Released Defendant Party for any liability, damages, penalties, costs, or expenses of any kind or nature arising from or in connection with the Lawsuit.

6.9    Documents or information produced to the State of Hawaii, to Plaintiffs or to Plaintiffs' counsel shall continue to be governed by the Confidentiality Order in the Lawsuit and applicable Hawaii statutes.

6.10    The undersigned each represents that he or she is fully authorized to execute this Settlement Agreement on behalf of the Settling Party(ies) for which he or she signs.

_____    Date:  3/5/02
Earl Anzai, Attorney General for the State of Hawaii

_____    Date:  _____
Spencer Hosie, Special Deputy Attorney
General for the State of Hawaii

Settlement Agreement and Mutual Release

12

[794674.3]

6.8    Each Released Defendant Party hereby expressly waives and releases any and all rights to seek contribution or indemnity, or otherwise to seek reimbursement, from any other Released Defendant Party for any liability, damages, penalties, costs, or expenses of any kind or nature arising from or in connection with the Lawsuit.

6.9    Documents or information produced to the State of Hawaii, to Plaintiffs or to Plaintiffs' counsel shall continue to be governed by the Confidentiality Order in the Lawsuit and applicable Hawaii statutes.

6.10    The undersigned each represents that he or she is fully authorized to execute this Settlement Agreement on behalf of the Settling Party(ies) for which he or she signs.

_____    Date: _____

Earl Anzai, Attorney General for the State of Hawaii

_____    Date: 3/8/02

Spencer Hosie, Special Deputy Attorney
General for the State of Hawaii

Settlement Agreement and Mutual Release

12

[794674.3]

_Walker C Taylor_

On Behalf of ChevronTexaco Corporation
formerly known as Chevron Corporation

Date: _Mar. 6, 2002_

Name:  _WALKER C. TAYLOR_

Title:  _ASSISTANT SECRETARY_

_____          Date: _____
On Behalf of Chevron Corporation

Name:      _____

Title:     _____


~~Sherman~~ (signature)          Date: _3/5/02_
_____
On Behalf of Chevron U.S.A., Inc.

Name:  D.T. SHERMAN

Title:  ASSISTANT SECRETARY


Settlement Agreement and Mutual Release

13

[794674.3]

03/05/02  15:21 FAX 713 241 . _7        SHELL OIL LEGAL                    ☑002/002

_A.Y. Noojin III_               Date: _____

On Behalf of Shell Oil Company
by its agent, Shell Oil Products Company LLC

Name: A.Y. Noojin, III

Title:  President & Chief Executive Officer


_A.Y Noojin III_               Date: _____

On Behalf of Shell Oil Products Company

Name: A.Y. Noojin, III

Title:  President & Chief Executive Officer


Settlement Agreement and Mutual Release

[794674.3]

14

_Walker C Taylor_
On Behalf of Texaco, Inc.

Date: _Mar. 6, 2002_

Name:    WALKER C. TAYLOR

Title:    ASSISTANT SECRETARY

_____
On Behalf of Texaco Refining and Marketing, Inc.

Date: _____

Name:    _____

Title:    _____

10597552V1

03/07/02  14:32 FAX 713 241          /          SHELL OIL LEGAL                          ☑003

_____     Date: _____

On Behalf of Texaco, Inc.

Name:

Title:

*David E Kinnan* _____     Date: __3 | 7 | 02_____

On Behalf of Texaco Refining and Marketing, Inc.

Name: David E. Kinnan

Title: General Counsel

_W. Thomas Skok_        Date: __7 March 2002__
On Behalf of Tosco Corporation

Name:    W. THOMAS SKOK

Title:     Assistant Secretary

Settlement Agreement and Mutual Release

16

[794674.3]

FROM

MON/03.04'02 11:24/S.. ,1:23/NO. 355:470059 P  2

_Timothy R Thomas_   Date: _March 4, 2002_
On Behalf of Union Oil Company of California

Name: _Timothy R. Thomas_
Title: _Vice President, Law_

_Timothy R Thomas_   Date: _March 4, 2002_
On Behalf of Unocal Corporation

Name: _Timothy R Thomas_
Title: _Vice President, Law_

Settlement Agreement and Mutual Release

17

[794674 3]