Eliot Turner (Pro Hac Vice)
Rachel Roosth (Pro Hac Vice)
NORTON ROSE FULBRIGHT US LLP
1550 Lamar Boulevard, Suite 2000
Houston, Texas 77010
Telephone: (713) 651-5151
Email: eliot.turner@nortonrosefulbright.com
Email: rachel.roosth@nortonrosefulbright.com
*Attorneys for Defendant Woodside Energy Hawaii, Inc.*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII**

| | |
|---|---|
| **Anne E. Lopez, Attorney General for the State of Hawaii, as parens patriae for the natural persons residing in Hawaii, and on behalf of the State of Hawaii, its political subdivisions, and governmental agencies,** | Civil No. 1:98-cv-00792-MWJS-WRP |
| | **Defendant Woodside Energy Hawaii, Inc.'s Unopposed Motion to Waive Requirements of Local Rule 83.1(c)(2)(vi)** |
| *Plaintiff*, | |
| | Hearing Date and Time: Not requested |
| v. | Judge: Honorable Micah W. J. Smith |
| | Trial Date: None |
| **Chevron Corporation, et al.,** | |
| *Defendants*. | |

Under Local Rule 1.3 and this Court's inherent authority, Woodside Energy Hawaii, Inc. (formerly known as BHP Hawaii, Inc.) (WEH) moves to waive the requirement that its pro hac vice counsel associate with Hawai'i counsel in moving to enforce this Court's final judgment (Doc. 276) and WEH's settlement agreement with the State of Hawai'i. The State of Hawai'i and the other parties seeking to enforce the Court's judgments are not opposed to the relief requested in this motion.

This motion is made following the conference of counsel pursuant to LR 7.8 which took place on March 25, 2026, and March 26, 2026.

## BACKGROUND

WEH intends to move to enforce this Court's final judgment and its settlement agreement with the State of Hawai'i and will seek an injunction barring Hawai'i and its political subdivisions from pursuing claims in state court for which they released WEH from liability and for which this Court's final judgment likewise discharged any liability. A copy of the motion to enforce and memorandum of law that WEH seeks to file is attached as Exhibit A to this motion.

In the state court cases that are precluded by this Court's final judgment, WEH has been represented by Margery Bronster, Lanson Kupau, and Kelly Higa Brown of the Bronster Fujichaku Robbins law firm since March 2021. WEH has also been represented in those cases by pro hac vice counsel Layne Kruse, Eliot Turner, and Rachel Roosth of Norton Rose Fulbright US LLP since March 2024.

On January 30, 2026, Chevron filed its Motion to Enforce the Judgment in this lawsuit. Dkt. 1204. Following the filing of Chevron's motion, Ms. Bronster sought confirmation from the State that it would not assert a conflict against her, based on her prior service as attorney general, in representing WEH in moving to enforce its similar, but separate, judgment and settlement. Ms. Bronster was no longer attorney general when the settlement agreements at issue were negotiated and signed.

2

The State eventually asked Ms. Bronster to make a written request for a conflict waiver, which she did on March 3. On March 18, the State responded to Ms. Bronster requesting additional information and asking her to provide a written analysis of that issue.

The State has moved to continue the briefing schedule until all parties have filed their motions to enforce. Dkt. 1286. WEH is currently prevented from filing its motion to enforce because the State and WEH's long-standing local counsel have not yet resolved whether a conflict exists and, if so, whether the State will waive any conflict. This delay prejudices both WEH and the other settling parties that are also seeking to enforce this Court's judgments and their settlement agreements while simultaneously defending claims in state court that this Court already resolved.

## ARGUMENT

WEH asks that this Court excuse WEH's pro hac vice counsel from Local Rule 83.1's requirement that they associate with members of this Court's bar for the limited purpose of filing a motion to enforce this Court's judgment and the parties' settlement, and engaging in proceedings incidental thereto. *See* Local Rule 1.3 (local rules apply except where "varied by order of one or more judges with respect to one or more cases assigned to that judge or judges"); *see also Prof'l Programs Grp. v. Dep't of Comm.*, 29 F.3d 1349, 1353 (9th Cir. 1994) ("district court has broad discretion to depart from the strict terms of the local rules where it makes sense to do so and substantial rights are not at stake"); *United States v. UnitedHealth Grp. Inc.* 774 F. Supp. 3d 715, 717 (D. Md. 2025) (excusing parties from local counsel

3

requirement). There is good cause to do so here and neither the State nor the other parties oppose WEH's request. This Court should exercise its authority to waive WEH's compliance with Local Rule 83.1's association requirement for two reasons.

First, WEH's pro hac vice counsel are experienced lawyers who have practiced in many federal courts across the country and are very familiar with federal practice and procedure. Mr. Turner clerked for Chief Judge Royce C. Lamberth of the U.S. District Court for the District of Columbia and Judge Phyllis A. Kravitch of the U.S. Court of Appeals for the Eleventh Circuit following law school. He is a member of the bar of federal district courts for the Southern District of Texas, Western District of Texas, Northern District of Texas, and District of Colorado and the U.S. Courts of the Appeal for the Fourth Circuit and Fifth Circuit. He has also represented clients in federal court in the Northern District of California, the Middle District of Florida, Southern District of Florida, Northern District of Illinois, District of New Jersey, Western District of Oklahoma, Eastern District of Pennsylvania, Middle District of Tennessee, Eastern District of Virginia, and Western District of Washington. Ms. Roosth is a member of the bar for the U.S. District Court for the Southern District of Texas. She has represented clients in federal court in the Eastern District of Louisiana, Southern District of Ohio, Southern District of New York, and District of Utah. Mr. Turner and Ms. Roosth are familiar with this district's local rules, will follow them, appear for hearings in person as required by the Court, and agree that they are subject to the jurisdiction of this Court and its disciplinary provisions.

Second, it would be prejudicial to WEH to require WEH to engage separate local counsel – WEH has been represented in Hawaiʻi by Ms. Bronster and her firm for more than five years. Engaging new local counsel would require not just additional expense for an entity that ceased operating in the 1990s, but WEH would have to find a firm that is free from conflicts, which may take additional time given the number of parties involved in this case and the state court litigation. Finding local counsel may also prove unnecessary if the state determines there is no conflict or agrees to waive or not assert a conflict against Ms. Bronster or her firm. Furthermore, needing to engage new Hawaiʻi counsel could delay resolution of the settling parties' motions to enforce – which prejudices all parties given the continued litigation of claims in state court that have been settled and discharged here. Given the similarity of WEH's arguments to those made by the other settling parties, there is no need to further delay these proceedings. Finally, the issues presented by the settling parties' motions to enforce are discrete and straightforward. WEH believes that they should be resolved through the parties' briefing and argument if necessary and that resolving them will not take a substantial amount of time. Given that the resolution of this issue is unlikely to be protracted and that it involves an issue of federal rather than local law, WEH believes that its pro hac vice counsel can capably handle the matter.

WEH respectfully submits that this motion can be decided without a hearing.

5

## CONCLUSION

Accordingly, WEH asks that the Court excuse its pro hac vice counsel from the requirement that they associate with local counsel so that it may move to enforce this Court's final judgment and the release in the settlement agreement.

Dated: March 27, 2026

Respectfully submitted,

/s/ Eliot F. Turner_____
Eliot F. Turner (Pro Hac Vice)
Rachel Roosth (Pro Hac Vice)
NORTON ROSE FULBRIGHT US LLP
1550 Lamar Boulevard
Suite 2000
Houston, Texas 77010
Tele: 713.651.5151

*Attorneys for Defendant*
*Woodside Energy Hawaii Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on March 27, 2026, a true and correct copy of the foregoing was served on all counsel of record via the Court's CM/ECF system.

/s/ Eliot F. Turner_____
Eliot F. Turner

6