# EXHIBIT 6

ANNE E. LOPEZ, 7609
Attorney General of Hawai'i

MELISSA J. KOLONIE, 10209
Supervising Deputy Attorney General
WADE H. HARGROVE III, 7897
LYLE T. LEONARD, 9376
Deputy Attorneys General
Department of the Attorney General
State of Hawai'i
425 Queen Street
Honolulu, Hawai'i 96813
Telephone: (808) 587-3050
Facsimile: (808) 587-3077
Email: wade.h.hargrove@hawaii.gov

Attorneys for Plaintiff STATE OF HAWAI'I

DANA M.O. VIOLA, 6095
Corporation Counsel

DANIEL M. GLUCK, 7959
JEFF A. LAU, 8577
1001 Bishop Street, Suite 2020
Honolulu, Hawai'i 96813
Telephone:     (808) 768-5234
Facsimile:     (808) 768-5105
Email:         daniel.gluck@honolulu.gov

Attorneys for Plaintiffs CITY AND COUNTY OF HONOLULU and HONOLULU BOARD OF
WATER SUPPLY

SHER EDLING LLP
VICTOR M. SHER (*pro hac vice* in *Honolulu* Action; *pro hac vice* pending in *State* Action)
MATTHEW K. EDLING (*pro hac vice* in *Honolulu* Action)
CORRIE J. YACKULIC (*pro hac vice* in *Honolulu* Action)
STEPHANIE D. BIEHL (*pro hac vice* in *Honolulu* Action; *pro hac vice* pending in *State* Action)
WILLIAM LIANG (# 11790)
100 Montgomery St., Ste. 1410
San Francisco, CA 94104
Telephone:     (628) 231-2500
Facsimile:     (628) 231-2929
Email:         vic@sheredling.com
               matt@sheredling.com
               corrie@sheredling.com
               stephanie@sheredling.com
               william@sheredling.com

Attorneys for Plaintiffs STATE OF HAWAI'I, CITY AND COUNTY OF HONOLULU, and
HONOLULU BOARD OF WATER SUPPLY

**Electronically Filed**
**FIRST CIRCUIT**
**1CCV-25-0000717**
**22-JUL-2025**
**03:57 PM**
**Dkt. 299 NHM**


I do hereby certify that the foregoing is a full, true and correct copy of the official court record of the Courts of the State of Hawai`i.

Dated at: Honolulu, Hawai`i 22-JUL-2025, /s/ Lori Ann Okita, Clerk of the First Judicial Circuit, State of Hawai`i


## IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

## STATE OF HAWAI‘I

| | |
|---|---|
| CITY AND COUNTY OF HONOLULU and HONOLULU BOARD OF WATER SUPPLY,<br><br>      Plaintiffs,<br><br>      vs.<br><br>SUNOCO LP; ALOHA PETROLEUM, LTD.; ALOHA PETROLEUM LLC; EXXON MOBIL CORP.; EXXONMOBIL OIL CORPORATION; ROYAL DUTCH SHELL PLC; SHELL OIL COMPANY; SHELL OIL PRODUCTS COMPANY LLC; CHEVRON CORP; CHEVRON USA INC.; BHP GROUP LIMITED; BHP GROUP PLC; BHP HAWAII INC.; BP PLC; BP AMERICA INC.; MARATHON PETROLEUM CORP.; CONOCOPHILLIPS; CONOCOPHILLIPS COMPANY; PHILLIPS 66; PHILLIPS 66 COMPANY; AND DOES 1 through 100, inclusive,<br>                Defendants. | CIVIL NO. 1CCV-20-0000380 (LWC)<br><br>(Other Non-Vehicle Tort)<br><br>**PLAINTIFFS' MOTION TO CONSOLIDATE CASES; MEMORANDUM IN SUPPORT OF MOTION TO CONSOLIDATE CASES; NOTICE OF MOTION AND CERTIFICATE OF SERVICE**<br><br>Non-Hearing Motion<br><br>Judge: Honorable Lisa W. Cataldo<br>Trial Date: None |
| STATE OF HAWAI‘I, ex rel. ANNE E. LOPEZ, ATTORNEY GENERAL,<br><br>      Plaintiff<br><br>      vs.<br><br>BP P.L.C.; BP AMERICA INC.; BP PRODUCTS NORTH AMERICA INC.; CHEVRON CORP.; CHEVRON USA INC.; EXXON MOBIL CORP.; EXXONMOBIL OIL CORPORATION; SHELL P.L.C.; SHELL USA, INC.; EQUILON ENTERPRISES LLC d/b/a SHELL OIL PRODUCTS US; SHELL TRADING (US) COMPANY; SUNOCO LP; ALOHA PETROLEUM, LTD.; ALOHA PETROLEUM LLC; CONOCOPHILLIPS; CONOCOPHILLIPS COMPANY; PHILLIPS 66; PHILLIPS 66 COMPANY; WOODSIDE ENERGY HAWAII INC. f/k/a BHP HAWAII INC.; AMERICAN PETROLEUM INSTITUTE; AND DOES 1 through 100, inclusive,<br>                Defendants. | CIVIL NO. 1CCV-25-0000717 (JJK)<br><br>(Other Non-Vehicle Tort)<br><br>Judge: Honorable Jordon J. Kimura<br>Trial Date: None |

**PLAINTIFFS' MOTION TO CONSOLIDATE CASES**

Plaintiff State of Hawaiʻi ("State") and Plaintiffs City and County of Honolulu and Honolulu Board of Water Supply ("Honolulu"), by and through their undersigned attorneys, hereby respectfully move for an order consolidating *State of Hawaiʻi v. BP P.L.C. et al.*, No. 1CCV-25-0000717 (the "*State* Action") with *City and County of Honolulu et al. v. Sunoco LP et al.*, No. 1CCV-25-0000717 (the "*Honolulu* Action") (collectively, the "Actions") before this Court for all pre-trial purposes.[1] As explained in Plaintiffs' memorandum in support, judicial economy will be served if the Actions are consolidated. Plaintiffs in these two cases assert common legal causes of action arising out of and involving the same or similar alleged conduct by the same or similar groups of Defendants. The Actions involve common questions of law and fact making consolidation for all pre-trial purposes proper and beneficial.

Plaintiffs bring this Motion pursuant to Rules 7(b) and 42(a) of the Hawaiʻi Rules of Civil Procedure ("HRCP"), and Rules 7 and 7.2 of the Circuit Courts of the State of Hawaiʻi ("RCCH"). The Motion is supported by the Memorandum in Support of the Motion, the files and records herein, and such further and additional matters that may be presented, all of which Plaintiffs hereby incorporate by reference. Because the *Honolulu* Action was filed before the *State* Action, this Motion should be decided by the Honorable Lisa W. Cataldo. *See* RCCH Ex. B (consolidation motions to be "[d]ecided by judge assigned to case with earliest filing date"). If the motion is granted, Plaintiffs respectfully request the consolidated actions should be assigned to Judge Cataldo for all pre-trial purposes.

DATED: July 22, 2025          **ANNE E. LOPEZ**
Honolulu, Hawaiʻi            **ATTORNEY GENERAL**

By:  */s/ Wade H. Hargrove III*
MELISSA J. KOLONIE
Supervising Deputy Attorney General
WADE H. HARGROVE III
LYLE T. LEONARD

---

[1] Plaintiffs take no position on consolidated trials at this time and reserve their arguments with respect to consolidated trials.

Deputy Attorneys General
Department of the Attorney General
State of Hawaiʻi
425 Queen Street
Honolulu, Hawaiʻi 96813
Telephone:    (808) 587-3050
Facsimile:    (808) 587-3077
Email:    wade.h.hargrove@hawaii.gov

*Attorneys for Plaintiff State of Hawaiʻi*

By:  **DANA M.O. VIOLA**
    **Corporation Counsel**

*/s/ Daniel M. Gluck*
DANIEL M. GLUCK
JEFF A. LAU
1001 Bishop Street, Suite 2020
Honolulu, Hawaiʻi 96813
Telephone: (808) 768-5234
Facsimile: (808) 768-5105
Email: daniel.gluck@honolulu.gov
    jlau3@honolulu.gov

*Attorneys for Plaintiffs City and County of Honolulu
and Honolulu Board of Water Supply*

*/s/ William Liang*
VICTOR M. SHER (*pro hac vice* in *Honolulu* Action;
*pro hac vice* pending in *State* Action)
MATTHEW K. EDLING (*pro hac vice* in *Honolulu*
Action)
CORRIE J. YACKULIC (*pro hac vice* in *Honolulu*
Action)
STEPHANIE D. BIEHL (*pro hac vice* in *Honolulu*
Action; *pro hac vice* pending in *State* Action)
WILLIAM LIANG (# 11790)
SHER EDLING LLP
100 Montgomery St., Ste. 1410
San Francisco, CA 94104
Telephone:    (628) 231-2500
Facsimile:    (628) 231-2929
Email:    vic@sheredling.com
    matt@sheredling.com
    corrie@sheredling.com
    stephanie@sheredling.com
    william@sheredling.com

*Attorneys for Plaintiffs State of Hawaiʻi, City and
County of Honolulu, and Honolulu Board of Water
Supply*

2

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAI'I

| | |
|---|---|
| CITY AND COUNTY OF HONOLULU and HONOLULU BOARD OF WATER SUPPLY, | CIVIL NO. 1CCV-20-0000380 (LWC) |
| | (Other Non-Vehicle Tort) |
| Plaintiffs, | |
| vs. | **MEMORANDUM IN SUPPORT OF MOTION TO CONSOLIDATE CASES** |
| SUNOCO LP; ALOHA PETROLEUM, LTD.; ALOHA PETROLEUM LLC; EXXON MOBIL CORP.; EXXONMOBIL OIL CORPORATION; ROYAL DUTCH SHELL PLC; SHELL OIL COMPANY; SHELL OIL PRODUCTS COMPANY LLC; CHEVRON CORP; CHEVRON USA INC.; BHP GROUP LIMITED; BHP GROUP PLC; BHP HAWAII INC.; BP PLC; BP AMERICA INC.; MARATHON PETROLEUM CORP.; CONOCOPHILLIPS; CONOCOPHILLIPS COMPANY; PHILLIPS 66; PHILLIPS 66 COMPANY; AND DOES 1 through 100, inclusive, | Non-Hearing Motion |
| | Judge: Honorable Lisa W. Cataldo Trial Date: None |
| Defendants. | |
| STATE OF HAWAI'I, ex rel. ANNE E. LOPEZ, ATTORNEY GENERAL, | CIVIL NO. 1CCV-25-0000717 (JJK) |
| | (Other Non-Vehicle Tort) |
| Plaintiff | |
| vs. | |
| BP P.L.C.; BP AMERICA INC.; BP PRODUCTS NORTH AMERICA INC.; CHEVRON CORP.; CHEVRON USA INC.; EXXON MOBIL CORP.; EXXONMOBIL OIL CORPORATION; SHELL P.L.C.; SHELL USA, INC.; EQUILON ENTERPRISES LLC d/b/a SHELL OIL PRODUCTS US; SHELL TRADING (US) COMPANY; SUNOCO LP; ALOHA PETROLEUM, LTD.; ALOHA PETROLEUM LLC; CONOCOPHILLIPS; CONOCOPHILLIPS COMPANY; PHILLIPS 66; PHILLIPS 66 COMPANY; WOODSIDE ENERGY HAWAII INC. f/k/a BHP HAWAII INC.; AMERICAN PETROLEUM INSTITUTE; AND DOES 1 through 100, inclusive, | Judge: Honorable Jordon J. Kimura Trial Date: None |
| Defendants. | |

<u>**MEMORANDUM IN SUPPORT OF MOTION TO CONSOLIDATE CASES**</u>

Plaintiff State of Hawaiʻi ("State") and Plaintiffs City and County of Honolulu and Honolulu Board of Water Supply ("Honolulu") respectfully move for an order consolidating the *State* Action and *Honolulu* Action before this Court for all pre-trial purposes.[1]

The Actions meet the HRCP Rule 42(a) criteria for consolidation. The State and Honolulu have brought common causes of action against common Defendants concerning the same or similar conduct. Consolidation would also provide substantial efficiency benefits for the parties and the Court. The two Actions will involve many identical issues concerning party discovery, expert discovery, and dispositive motions. Consolidation will allow those issues to be decided once by one judge instead of twice by different judges with potentially conflicting outcomes.

Consolidation is also logistically feasible. The parties are represented by many of the same counsel in the two cases. Additionally, the case schedule in the two Actions can be aligned. Although the *Honolulu* Action was filed earlier, that case was delayed for years by Defendants' removal to federal court and the interlocutory appeal of Defendants' motions to dismiss. Without those delays, the *State* Action can quickly proceed to discovery and toward trial with the *Honolulu* Action.

**BACKGROUND**

The City and County of Honolulu filed the *Honolulu* Action in the First Circuit on March 9, 2020. Defendants removed the case to federal court, the district court remanded, the Ninth Circuit affirmed remand, and the U.S. Supreme Court denied certiorari in April 2023.[2]

---

[1] Plaintiffs take no position on consolidated trials at this time and reserve their arguments with respect to consolidated trials.

[2] *City & Cnty. of Honolulu v. Sunoco LP*, Nos. 20-163, 20-470, 2021 WL 531237 (D. Haw. Feb. 12, 2021), *aff'd*, 39 F.4th 1101 (9th Cir. 2022), *cert. denied*, 143 S. Ct. 1795 (2023).

Upon remand, Defendants moved to dismiss for lack of personal jurisdiction and failure to state a claim. Judge Crabtree denied the motions, and the Hawai'i Supreme Court affirmed in its opinion issued in October 2023. The U.S. Supreme Court denied certiorari in January 2025.[3]

Discovery in the *Honolulu* Action partially opened in July 2024 and fully opened in March 2025, when the discovery stay was lifted following the U.S. Supreme Court's denial of certiorari on the motions to dismiss. 1CCV-20-0000380, Dkt. 1233, 1703. Once discovery opened, Defendants filed serial summary judgment motions, which are pending before Your Honor: a joint motion arguing the statute of limitations; a joint motion arguing that the Hawai'i Supreme Court opinion in Plaintiffs' favor narrowed the geographic scope of Defendants' liability; and individual motions re-litigating personal jurisdiction brought by BP, Exxon, and Marathon. Defendants have produced only a handful of documents to date, citing their statute of limitations and geographic scope arguments among other objections.

The State of Hawai'i filed its case on May 1, 2025. 1CCV-25-0000717, Dkt. 1. The State's case addresses the same conduct at issue in Honolulu's case: Defendants'[4] failure to warn and efforts to deceive the public about climate change and the climate change impacts of their products. Like Honolulu, the State brought claims for trespass, public and private nuisance, negligence, and strict liability failure-to-warn. The State also alleged harm to public trust resources, violations of

---

[3] *See City & Cnty. of Honolulu v. Sunoco LP*, 153 Hawai'i 326 (2023), *cert. denied sub nom. Shell PLC v. City & Cnty. of Honolulu, Hawaii*, 145 S. Ct. 1111, 220 L. Ed. 2d 413 (2025), and *cert. denied sub nom. Sunoco LP v. City & Cnty. of Honolulu, Hawaii*, 145 S. Ct. 1111, 220 L. Ed. 2d 413 (2025). Additionally, Defendants BHP Group Limited and BHP Group plc. were dismissed from this case for lack of personal jurisdiction. 1CCV-20-0000380, Dkt. 637. Chevron's appeal concerning its separate motion to dismiss under California's anti-SLAPP law remains pending before the ICA. No. CAAP-22-0000135.

[4] The State named the American Petroleum Institute as a defendant and did not name Marathon Petroleum Corp. as a defendant. Otherwise, the State named the same defendant groups as Honolulu named in its suit, with some differences in the specific entities named within each defendant group.

the Hawaiʻi Unfair or Deceptive Acts or Practices Statute, and (against Defendant American Petroleum Institute) civil aiding and abetting. The State identified the *Honolulu* Action as a related case in its Civil Information Sheet. 1CCV-25-0000717, Dkt. 3.The *State* Action was assigned to the Honorable Jordon J. Kimura.

Separate from the *State* Action, the United States has sued the State of Hawaiʻi in federal court seeking to enjoin the State from litigating climate-related claims against fossil fuel industry Defendants in state court. *See United States v. State of Hawaiʻi*, No. 1:25-cv-00179 (D. Haw.). Defendants are not parties to the collateral federal action. Defendants in the *State* Action moved to stay the *State* Action pending the resolution of the collateral federal action. *See* 1CCV-25-0000717, Dkt. 24. That motion to stay is set to be heard on July 30, 2025. The parties agreed and Court ordered that motions to dismiss in the *State* Action will be briefed and heard following the resolution of Defendants' motion to stay. 1CCV-25-0000717, Dkt. 18.

Judge Kimura set a scheduling conference in the *State* Action for August 18, 2025. 1CCV-25-0000717, Dkt. 58.

On July 21, 2025, the State filed a letter in the *State* Action notifying Judge Kimura that the State intended to file this motion to consolidate, so that Judge Kimura could continue the upcoming hearings in the *State* Action pending the decision on this motion, if Judge Kimura so decided. 1CCV-25-0000717, Dkt. 284.

Additionally, Defendants in the *Honolulu* Action have served a third-party subpoena on the State, seeking extensive documents from the State. The State moved to quash that subpoena, and that motion is set for hearing before Your Honor. *See* 1CCV-20-0000380, Dkt. 1834.

# ARGUMENT

Consolidation of the *Honolulu* Action and *State* Action would reduce duplicative rulings and promote efficiency for the parties and the Court.

## I.        Legal Standard

HRCP Rule 42(a) provides:

> **Consolidation.** When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

This rule is "designed to *encourage* consolidation where there are common questions of law or fact." *Kaina v. Gellman*, 119 Hawaiʻi 324, 327 (Ct. App. 2008) (emphasis added). The Court has "broad discretion" to determine whether consolidation is appropriate. *Id.*

## II.       The Actions involve many common questions of law and fact and are proceeding in the same circuit.

These cases meet the Rule 42(a) requirements for consolidation because they involve "common question[s] of law or fact." *See* HRCP 42(a). In fact, they are identical in many respects.

The cases present substantially the same questions of fact. Plaintiffs in both cases allege that the defendant fossil fuel companies knew about the catastrophic climate change impacts of their products—but failed to warn the public and instead engaged in a campaign to discredit climate science and deceive the public about the climate impacts of their products. Plaintiffs in both cases seek relief including compensation to address local impacts of climate change such as sea level rise and extreme weather events. *Compare Honolulu* FAC, 1CCV-20-0000380, Dkt. 45, at ¶¶ 1–2, 10–12, *with State* Complaint, 1CCV-25-0000717, Dkt. 1, at ¶¶ 1–2, 12–13. Thus, although there are some differences in the named defendants, Plaintiffs' affirmative discovery in the two actions will be almost entirely identical: the cases present the same factual questions about

what Defendants knew about climate change, what actions they took, what they told consumers, what they failed to tell consumers, who they worked with, and other aspects of their wrongful promotion and marketing of their products in Hawaiʻi and elsewhere.[5] There will also be substantial overlap in the discovery against Plaintiffs. In fact, Defendants have stated that they will seek largely the same set of documents from the State for both the *State* Action and the *Honolulu* Action. *See* State's Motion to Quash, 1CCV-20-0000380, Dkt. 1834, at 6–7 & Hargrove Decl., ¶ 6.

The cases also present substantially the same questions of law because Plaintiffs in both cases assert claims for trespass, public and private nuisance, negligence, and strict liability failure-to-warn arising out of Defendants' conduct. Although the State asserts additional claims for harm to public trust resources, violations of the Hawaiʻi Unfair or Deceptive Acts or Practices Statute, and civil aiding and abetting, those claims also address Defendants' failure to warn and deceptive conduct concerning climate change. Defendants' affirmative defenses will likely be similar in both actions.

Consolidation is also appropriate because the actions are proceeding in the same circuit. Defendants previously moved to consolidate the *Honolulu* Action with Maui's climate-deception suit. 1CCV-20-0000380, Dkt. 798. Maui opposed consolidation, and Honolulu concurred with Maui's opposition. 2CCV-20-0000283, Dkt. 558; 1CCV-20-0000380, Dkt. 804. This Court agreed with Maui, holding that it was "more fair and equitable to the parties if the *Maui* Action is heard in the Second Circuit" because the Court and local counsel were "unaware[] of any case initiated by a County being adjudicated outside of that County." 1CCV-20-0000380, Dkt. 895. In contrast,

---

[5] Discovery against the American Petroleum Institute ("API") will be similar in the two cases as well. API is named as a defendant in the *State* Action. Although API is not a defendant in the *Honolulu* Action, API is named in the *Honolulu* Complaint as a key third party that coordinated Defendants' deceptive conduct.

consolidation is appropriate here because the State and Honolulu both initiated their cases in the First Circuit, and the Hawaiʻi Department of the Attorney General and Honolulu Department of the Corporation Counsel both maintain their offices in Honolulu.

**III.    Consolidation promotes efficiency by avoiding unnecessary costs and delay for the parties and the Court.**

Because of the substantial similarities between the Actions, consolidation would promote judicial economy and avoid the risk of conflicting orders from different judges.

Discovery in the two cases will be very similar, and in fact identical with respect to the majority of discovery concerning Defendants' conduct. Indeed, Defendants in the *Honolulu* Action have already served document requests on the State (via a third-party subpoena) that substantively mirror many of the requests Defendants served on Honolulu. *See* Exhibit A to State's Motion to Quash, 1CCV-20-0000380, Dkt. 1834 (chart showing requests to State with corresponding requests to Honolulu). If the cases proceed separately, two judges will decide the same common discovery issues that will arise in both cases (such as disputes concerning document custodians, search terms, deposition topics, and other issues). Given the complexity of this case, the large number of defendants, and the extent of anticipated disputes, the cases could impose a substantial and unnecessary burden on judicial resources if the same issues were decided twice by separate judges.

The same efficiency benefits would apply to other stages of the case. If the cases proceed separately, the same summary judgment and expert admissibility motions would be decided twice, and with potentially diverging outcomes.

Next, it is feasible to align the case schedules for the two Actions. Although the *Honolulu* Action was filed years before the *State* Action, the *State* Action will proceed more quickly without the delay of removal proceedings and interlocutory appeals on motions to dismiss. The *Honolulu*

Action was delayed for a year by Defendants' removal arguments (even with the federal district court denying Defendants' motion to stay remand pending appeal), but now the Ninth Circuit has already ruled against Defendants' removal theories. *See City & Cnty. of Honolulu v. Sunoco LP*, 39 F.4th 1101 (9th Cir. 2022), *cert. denied*, 143 S. Ct. 1795 (2023). Recognizing that their removal arguments are foreclosed, Defendants in the *State* Action have agreed to a briefing schedule for motions to dismiss to proceed in state court. 1CCV-25-0000717, Dkt. 18.

Similarly, the *Honolulu* Action was delayed for over two more years by the interlocutory appeal of Defendants' preemption and jurisdictional arguments in their motions to dismiss—but now the Hawaiʻi Supreme Court has unanimously rejected those arguments and determined "this lawsuit can proceed." *City & Cnty. of Honolulu v. Sunoco LP*, 153 Hawaiʻi 326, 333 (2023). Although Defendants will certainly file motions to dismiss the State's case, the Circuit Court now has the benefit of the Hawaiʻi Supreme Court's opinion. Discovery in the *State* Action can proceed while Defendants' anticipated motions to dismiss the *State* Action are resolved. And a denial of those motions should not warrant an interlocutory appeal and stay (as occurred in the *Honolulu* Action) because the Hawaiʻi Supreme Court has already weighed in and rejected Defendants' dismissal arguments. Thus, although the State filed years later, the *Honolulu* Action has cleared the way through Defendants' federal removal and motions to dismiss (as well as early summary judgment motions currently pending before the Court). This will allow the State to move forward with discovery toward trial along with Honolulu.[6][7]

---

[6] Defendants' motion to stay the *State* Action pending resolution of the collateral federal action should be denied for the reasons set forth in the State's opposition. *See* 1CCV-25-0000717, Dkt. 170. Therefore, Defendants' motion to stay should not prevent the *State* Action from moving forward with the *Honolulu* Action.

[7] The *State* Action is governed by the version of the HRCP applicable to cases filed after January 1, 2022, and the *Honolulu* Action is governed by the prior version. The differences between the

In sum, consolidation "avoids unnecessary costs [and] delay." HRCP 42(a). Consolidation benefits both the parties and the court system by obviating the need to litigate the same issues twice and the delay in seeking duplicative decisions on the same issues.

**IV.     The Actions can be consolidated before Your Honor.**

Plaintiffs respectfully propose that the Actions should be consolidated before Your Honor because the *Honolulu* Action was filed first and has been pending before Your Honor.[8]

Of course, Plaintiffs are mindful that—even with efficiency benefits—consolidation would increase the burden on the judge before whom the cases are consolidated. The parties in the *Honolulu* Action have retained Mr. Jerry Hiatt as discovery master to reduce the burden on the Court, and the State would not object to employing Mr. Hiatt if the cases were consolidated. Plaintiffs are also aware that the Court intends to set trial in the *Honolulu* Action for no later than 2029. Plaintiffs are available to discuss any other concerns the Court may have.

**V.      In the alternative, the Court could address consolidation at a later time.**

Plaintiffs raise consolidation now because immediate consolidation is proper. If the Court immediately consolidates the Actions before Your Honor, then Your Honor would decide the motion to stay (if not already heard by Judge Kimura when the actions are consolidated) and Defendants' anticipated motions to dismiss in the *State* Action.

Alternatively, the Court may prefer to evaluate consolidation after the resolution of pending motions that could affect the scope and timing of the Actions, namely: Defendants' motions for

---

versions primarily address case scheduling procedure that would not apply in a complex case anyway (the *Honolulu* Action was designated complex, and Defendants have indicated they intend to seek complex designation of the *State* Action). Therefore, the difference in HRCP versions is no basis to keep the cases separate. The efficiency benefits of consolidation greatly outweigh any marginal effort needed to resolve differences between the HRCP versions.

[8] Plaintiffs are not aware of any authority that determines which judge should preside over consolidated cases.

summary judgment based on the statute of limitations and geographic scope in the *Honolulu* Action; and Defendants' motion to stay and anticipated motions to dismiss in the *State* Action. If the Court determines consolidation should be decided after those motions are resolved, Plaintiffs respectfully request the Court deny this motion without prejudice to a party seeking consolidation at a later date.

**CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request the Court consolidate the Actions before Your Honor.

DATED: July 22, 2025　　**ANNE E. LOPEZ**
Honolulu, Hawaiʻi　　**ATTORNEY GENERAL**

By:　*/s/ Wade H. Hargrove III*
　　MELISSA J. KOLONIE
　　Supervising Deputy Attorney General
　　WADE H. HARGROVE III
　　LYLE T. LEONARD
　　Deputy Attorneys General
　　Department of the Attorney General
　　State of Hawaiʻi
　　425 Queen Street
　　Honolulu, Hawaiʻi 96813
　　Telephone:　(808) 587-3050
　　Facsimile:　(808) 587-3077
　　Email:　　wade.h.hargrove@hawaii.gov

*Attorneys for Plaintiff State of Hawaiʻi*

**DANA M.O. VIOLA**
**Corporation Counsel**

　　*/s/ Daniel M. Gluck*
By:　DANIEL M. GLUCK
　　JEFF A. LAU
　　1001 Bishop Street, Suite 2020
　　Honolulu, Hawaiʻi 96813
　　Telephone: (808) 768-5234
　　Facsimile: (808) 768-5105
　　Email: daniel.gluck@honolulu.gov
　　　　jlau3@honolulu.gov

*Attorneys for Plaintiffs City and County of Honolulu and Honolulu Board of Water Supply*

_/s/ William Liang_

VICTOR M. SHER (*pro hac vice* in *Honolulu* Action; *pro hac vice* pending in *State* Action)
MATTHEW K. EDLING (*pro hac vice* in *Honolulu* Action)
CORRIE J. YACKULIC (*pro hac vice* in *Honolulu* Action)
STEPHANIE D. BIEHL (*pro hac vice* in *Honolulu* Action; *pro hac vice* pending in *State* Action)
WILLIAM LIANG (# 11790)
SHER EDLING LLP
100 Montgomery St., Ste. 1410
San Francisco, CA 94104
Telephone:      (628) 231-2500
Facsimile:       (628) 231-2929
Email:            vic@sheredling.com
                       matt@sheredling.com
                       corrie@sheredling.com
                       stephanie@sheredling.com
                       william@sheredling.com

*Attorneys for Plaintiffs State of Hawai'i, City and County of Honolulu, and Honolulu Board of Water Supply*

10

# IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

## STATE OF HAWAIʻI

| | |
|---|---|
| CITY AND COUNTY OF HONOLULU and HONOLULU BOARD OF WATER SUPPLY, <br><br> Plaintiffs, <br><br> vs. <br><br> SUNOCO LP; ALOHA PETROLEUM, LTD.; ALOHA PETROLEUM LLC; EXXON MOBIL CORP.; EXXONMOBIL OIL CORPORATION; ROYAL DUTCH SHELL PLC; SHELL OIL COMPANY; SHELL OIL PRODUCTS COMPANY LLC; CHEVRON CORP; CHEVRON USA INC.; BHP GROUP LIMITED; BHP GROUP PLC; BHP HAWAII INC.; BP PLC; BP AMERICA INC.; MARATHON PETROLEUM CORP.; CONOCOPHILLIPS; CONOCOPHILLIPS COMPANY; PHILLIPS 66; PHILLIPS 66 COMPANY; AND DOES 1 through 100, inclusive, <br><br> Defendants. | CIVIL NO. 1CCV-20-0000380 (LWC) <br><br> (Other Non-Vehicle Tort) <br><br> **NOTICE OF MOTION AND CERTIFICATE OF SERVICE** <br><br> Judge: Honorable Lisa W. Cataldo <br> Trial Date: None |
| STATE OF HAWAIʻI, ex rel. ANNE E. LOPEZ, ATTORNEY GENERAL, <br><br> Plaintiff <br><br> vs. <br><br> BP P.L.C.; BP AMERICA INC.; BP PRODUCTS NORTH AMERICA INC.; CHEVRON CORP.; CHEVRON USA INC.; EXXON MOBIL CORP.; EXXONMOBIL OIL CORPORATION; SHELL P.L.C.; SHELL USA, INC.; EQUILON ENTERPRISES LLC d/b/a SHELL OIL PRODUCTS US; SHELL TRADING (US) COMPANY; SUNOCO LP; ALOHA PETROLEUM, LTD.; ALOHA PETROLEUM LLC; CONOCOPHILLIPS; CONOCOPHILLIPS COMPANY; PHILLIPS 66; PHILLIPS 66 COMPANY; WOODSIDE ENERGY HAWAII INC. f/k/a BHP HAWAII INC.; AMERICAN PETROLEUM INSTITUTE; AND DOES 1 through 100, inclusive, <br><br> Defendants. | CIVIL NO. 1CCV-25-0000717 (JJK) <br><br> (Other Non-Vehicle Tort) <br><br> Judge: Honorable Jordon J. Kimura <br> Trial Date: None |

# NOTICE OF MOTION

TO:

### DEFENDANTS CHEVRON CORPORATION and CHEVRON U.S.A., INC

Melvyn M. Miyagi
Summer H. Kaiawe
Ross T. Shinyama
WATANABE ING LLP
999 Bishop Street, Suite 1250
Honolulu, HI 96813
(808) 544-8300
Fax: (808) 544-8399
Email: mmiyagi@wik.com
     skaiawe@wik.com
     rshinyama@wik.com

### DEFENDANTS EXXON MOBIL CORPORATION and EXXONMOBIL OIL CORPORATION

Paul Alston
Claire Wong Black
John-Anderson L. Meyer
Glenn T. Melchinger
DENTONS US LLP
1001 Bishop Street, Suite 1800
Honolulu, Hawaiʻi 96813-3689
(808) 524-1800
Fax: 808-524-4591
Email: paul.alston@dentons.com
     claire.black@dentons.com
     anderson.meyer@dentons.com
     glenn.melchinger@dentons.com

### DEFENDANTS SHELL P.L.C., SHELL USA, INC., EQUILON ENTERPRISES LLC d/b/a SHELL OIL PRODUCTS US, SHELL TRADING (US) COMPANY, and SHELL OIL PRODUCTS COMPANY LLC

Joachim Cox
Randall C. Whattoff
COX FRICKE LLP
800 Bethel St #600
Honolulu, HI 96813
Telephone: (808) 585-9441
Email: jcox@cfhawaii.com
     rwhattoff@cfhawaii.com

1

**DEFENDANTS BP AMERICA, INC., BP P.L.C.**
**and BP PRODUCTS NORTH AMERICA INC.**

Lisa A. Bail
David J. Hoftiezer
GOODSILL ANDERSON QUINN &
STIFEL LLP
First Hawaiian Center, Suite 1600
999 Bishop Street
Honolulu, HI 96813
Telephone: 808.547.5600
Facsimile: 808.547.5880
Email: lbail@goodsill.com
        dhoftiezer@goodsill.com

**DEFENDANTS CONOCOPHILLIPS and CONOCOPHILLIPS COMPANY**

Scott W. Settle
William G. Meyer, III
Ian P. Luthringer
SETTLE MEYER LAW, LLC
Pioneer Plaza, Suite 1800
900 Fort Street Mall
Honolulu, Hawai'i 96813
Email: ssettle@settlemeyerlaw.com
        wmeyer@settlemeyerlaw.com
        iluthringer@settlemeyerlaw.com

**DEFENDANTS PHILLIPS 66 and PHILLIPS 66 COMPANY**

Gregory W. Kugle
Ross Uehara-Tilton
David H. Abitbol
Kira-Nariese K. Brown
DAMON KEY LEONG KUPCHAK
HASTERT
1003 Bishop Street, Suite 1600
Honolulu, Hawaii 96813
Telephone: (808) 531-8031
Email: gwk@hawaiilawyer.com
        rut@hawaiilawyer.com
        dha@hawaiilawyer.com
        knkb@hawaiilawyer.com

2

## DEFENDANTS SUNOCO LP, ALOHA PETROLEUM LTD., and ALOHA PETROLEUM LLC

Michi Momose
C. Michael Heihre
CADES SCHUTTE LLP
Cades Schutte Building
1000 Bishop Street 12th Floor
Honolulu, HI 96813
(808) 521-9200
Fax: (808) 540-5009
Email: mmomose@cades.com
        mheihre@cades.com

## DEFENDANT WOODSIDE ENERGY HAWAII, INC. (F/K/A BHP HAWAII INC.)

Margery S. Bronster
Lanson K. Kupau
Kelly A. Higa Brown
BRONSTER FUJICHAKU ROBBINS
1003 Bishop Street, Suite 2300
Honolulu, Hawai'i 96813
Telephone: (808)524-5644
Facsimile: (808) 599-1881
E-mail: mbronster@bfrhawaii.com
        lkupau@bfrhawaii.com
        khiga@bfrhawaii.com

## DEFENDANT MARATHON PETROLEUM CORPORATION

Ted. N. Pettit
PETTIT LAW HAWAI'I LLLC
Pauahi Tower
1003 Bishop Street, Suite 2700
Honolulu, HI 96813
Phone: (808) 237-2477
Fax: (808) 664-6723
Email: ted@pettitlawhawaii.com

## DEFENDANT AMERICAN PETROLEUM INSTITUTE

Douglas S. Chin
Kari K. Noborikawa
STARN O'TOOLE MARCUS & FISHER
33 Bishop Street, Pacific Guardian Center,
Makai Tower, Suite 1900
Telephone: (808) 537-6100
Email: dchin@starnlaw.com
        knoborikawa@starnlaw.com

NOTICE IS HEREBY GIVEN that the undersigned has filed with the above-entitled court the motion attached hereto. Any response to said motion must be filed and served no later than 10 days after the service date indicated on the attached Certificate of Service Pursuant to Rule 6(e) of the Hawaiʻi Rules of Civil Procedure, if the motion is served by mail, any response to said motion must be filed and served no later than 12 days after the service date indicated on the attached Certificate of Service.

DATED: July 22, 2025
Honolulu, Hawaiʻi

_/s/ William Liang_
WILLIAM LIANG

SHER EDLING LLP
100 Montgomery St., Ste. 1410
San Francisco, CA 94104
Telephone:    (628) 231-2500
Facsimile:    (628) 231-2929
Email: william@sheredling.com

*Attorney for Plaintiffs State of Hawaiʻi, the City and County of Honolulu, and the Honolulu Board of Water Supply*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on July 22, 2025, a file-marked copy of the foregoing documents were duly served upon the above-identified parties through counsel via JEFS and/or email.

DATED: July 22, 2025  
Honolulu, Hawai'i

*/s/ William Liang*  
WILLIAM LIANG

SHER EDLING LLP  
100 Montgomery St., Ste. 1410  
San Francisco, CA 94104  
Telephone:  (628) 231-2500  
Facsimile:  (628) 231-2929  
Email: william@sheredling.com

*Attorney for Plaintiffs State of Hawai'i, the City and County of Honolulu, and the Honolulu Board of Water Supply*