# EXHIBIT 7

**Electronically Filed
FIRST CIRCUIT
1CCV-20-0000380
28-FEB-2022
04:03 PM
Dkt. 593 DOC**

RULING

RE:   City & County of Honolulu and BWS v. Sunoco, LP, et al;
      Civ. No. 1CCV-20-0000380 (First Circuit Court, State of Hawai'i)

RE:   Ruling on BHP Group, Ltd. And BHP Group PLC's Motion to Dismiss
      for Lack of Personal Jurisdiction; (motion filed 6/2/21; Dkt. 353)

      -   -   -   -   -   -   -   -   -   -   -   -   -   -   -

1.     The above motion was heard on the record via Zoom on October 15, 2021.  The court took the motion under advisement, and hereby issues its ruling.

2.     This ruling is a brief outline of the court's analysis.  Due to the press of other matters, it does not include all legal citations, reasons, or issues underlying the court's analysis and ruling.  Full particulars, correct citations, and other elements can be included through the Circuit Court Rule 23 process.

3.     Movants submit a Declaration contesting certain jurisdictional facts, so the court will not accept all the allegations in the complaint as true for purposes of the motion.  This creates a burden on Plaintiffs to show sufficient evidence to establish personal jurisdiction by a preponderance of the evidence.  Shaw, 76 Haw at 327 (1994).

4.     Plaintiffs' opposition has two primary arguments: 1) BHP Group Ltd. and BHP PLC's own contacts are sufficient to find specific jurisdiction; and 2) general jurisdiction is shown because BHP Hawaii Inc.'s at-home status and contacts are attributable to BHP Group Ltd. And PHP Group PLC.

5.     BHP plc is a mining company, not an oil company.  It has not had business dealings in the forum state, and has no demonstrated connection to any subsidiary operating in the forum state.  It appears Plaintiffs do not object to this motion being granted as to BHP plc.

6.     It is undisputed that BHP Group, Ltd. (the Australian parent or holding corporation) engaged in business activity in the forum state from approximately 1983/1989 to 1998; however, this was through a subsidiary.  That local subsidiary, BHP Hawaii, Inc., has been inactive since 1998.  Conducting business through a subsidiary does not automatically create jurisdictional contacts for purposes of specific jurisdiction.

7.     There are no oil marketing contacts with the forum state since 1998, and therefore no purposeful availment (first prong of specific jurisdiction) for the last 24 years.   While such contacts are examined at the time of the events underlying the dispute (Steel v U.S., 813 F.2d 1545 (9th Cir. 1987), at minimum at least one jurisdictional contact should occur within the limitations period.  Led Zeppelin, 106 F.Supp. 581 (E.D. Pa. 2015).

8.     In view of the above and based on the arguments in the written submissions and at oral argument, the court concludes there are insufficient contacts for specific jurisdiction, and it would be unreasonable to bring a foreign country entity into the forum based only on indirect forum contacts from 24 years ago.  Doe, 83 Haw at 374-375.

9.     To the extent Plaintiffs argue general jurisdiction exists based on an *alter ego* relationship between BHP Group, Ltd. and its subsidiary, BHP Hawaii, Inc., the court disagrees.   Hawaiʻi law generally recognizes and enforces the protections of corporate form except in rare cases.  The factual allegations, counter-allegations, and conflicting inferences in the record of this motion lead the court to conclude that Plaintiffs have not met their burden to establish personal jurisdiction by a preponderance.

10.    The parties shall follow the usual CCR Rule 23 process to formalize the above ruling, BHP to submit first.  This includes adding particular findings, analysis, or citations to the above outline of the court's ruling, if necessary.

//

Dated:  Honolulu, Hawai‘i, February 28, 2022.

/s/ Jeffrey P. Crabtree

JUDGE OF THE ABOVE-TITLED COURT

RE:     First Circuit Court, State of Hawai‘i

RE:     City & County of Honolulu and BWS v. Sunoco, LP, et al;
Civ. No. 1CCV-20-0000380 (First Circuit Court, State of Hawai‘i)

RE:     Ruling on BHP Group, Ltd. And BHP Group PLC's Motion to Dismiss for Lack of Personal
Jurisdiction; (motion filed 6/2/21; Dkt. 353)