# EXHIBIT 1

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

EARL I. ANZAI, ATTORNEY GENERAL
FOR THE STATE OF HAWAII, As *Parens
Patriae* for the Natural Persons Residing in
Hawaii, and on behalf of the State of Hawaii,
its Political Subdivisions and Governmental
Agencies,

Plaintiff,

vs.

CHEVRON CORPORATION; CHEVRON
U.S.A. INC.; TESORO HAWAII
CORPORATION, as successor-in-interest to
BHP PETROLEUM AMERICAS REFINING,
INC.; BHP HAWAII INC.; SHELL OIL
COMPANY; SHELL OIL PRODUCTS
COMPANY; TEXACO INC.; TEXACO
REFINING AND MARKETING INC.;
TESORO PETROLEUM CORPORATION;
TESORO HAWAII CORPORATION;
TOSCO CORPORATION; UNION OIL
COMPANY OF CALIFORNIA; and
UNOCAL CORPORATION,

Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

CIVIL NO. 98-00792-SPK

**ORDER OF PRELIMINARY
APPROVAL**
AND EXHIBIT A

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAR 1 1 2002

at ___ o'clock and ___ min ___ M
WALTER A.Y.H. CHINN, CLERK

\\DB01\WP\03840T01\PLEADING\bls584ord.doc

## ORDER OF PRELIMINARY APPROVAL

Before the Court is a motion for preliminary approval of the terms of the Settlement
Agreement and Mutual Release ("Settlement Agreement") between the Attorney General of the
State of Hawaii, on the one hand, and Chevron Corporation; Chevron U.S.A., Inc.; Shell Oil
Company; Shell Oil Products Company; Texaco, Inc.; Texaco Refining and Marketing, Inc.;
Tosco Corporation, a wholly owned subsidiary of Phillips Petroleum Company; Union Oil
Company of California; and Unocal Corporation ("Defendants"), on the other hand.



The Court has undertaken a preliminary determination as to whether the proposed terms of settlement are fair, adequate, and reasonable. In connection with this preliminary determination, the Court has considered (a) the Settlement Agreement and the Exhibits thereto, (b) the motion for preliminary approval, (c) the statements of counsel, (d) the record in the case, and (e) other matters presented for the Court's consideration.

The Court concludes that there is probable cause to believe that the Settlement Agreement is fair, adequate and reasonable; and that the Settlement Agreement falls within the requirements for possible final approval.

It is, therefore, ORDERED as follows:

1.      The Settlement Agreement is before this Court for preliminary approval under 15 U.S.C. § 15c.

2.      The Court grants preliminary approval of the Settlement Agreement, including the Exhibits thereto.

3.      The Court determines that the manner of giving notice of the Settlement Agreement to natural persons residing in the State of Hawaii at any time to the present as described in the Settlement Agreement constitutes the best notice to those persons that is practicable under the circumstances in compliance with 15 U.S.C. § 15c and the requirements of due process and directs Plaintiffs to give such notice.

4.      The Court shall hold a Settlement Hearing at 10:00 a.m. on April 30, 2002 (suggested: 45 days after entry of this order). At that time, the Court shall determine (a) whether the Settlement Agreement, including the Exhibits thereto, should be approved as fair, adequate and reasonable; (b) whether the proposed form of the Final Judgment should be entered; and (c) whether an application for reimbursement of the expenses incurred by Defendants to publish the Notice of Settlement should be approved.

5.      As set forth in the Notice of Settlement, natural persons residing in the State of Hawaii at any time to the present may request an exclusion ("opt out") in writing from the settlement and any Judgment that the Court may enter in this matter. Anyone who opts out

2

thereby elects not to participate in the settlement or otherwise to receive benefits under the settlement. To be effective, a written Exclusion Request *must* (a) contain all of the information described in the discussion of Exclusion Requests that is contained in the Notice of Settlement, and it *must* (b) be sent to the address specified in the Notice of Settlement, by first class mail, postmarked no later than April 15 , 2002 (suggested:  35 days after entry of this order).

6. A natural person residing in the State of Hawaii at any time to the present who does not opt out may submit objections, if any, to (a) the terms of the Settlement Agreement, including the Exhibits thereto; (b) the proposed form of Judgment; or (c) the application for reimbursement of expenses incurred by Defendants to publish the Notice of Settlement. In order for any such objection to be considered by the Court at the Settlement Hearing, the objection *must* (a) contain all of the information described in the discussion of Objections that is contained in the Notice of Settlement, and it *must* (b) be sent to the addresses specified in the Notice of Settlement, by first class mail, postmarked no later than April 15 , 2002 (suggested: 35 days after entry of this order).  An objecting person's statement may be supplemented following the filing of papers by the Settling Parties, as permitted in the following paragraph.

7. The Settling Parties may submit briefs and other papers in support of the Settlement Agreement, on or before April 22 , 2002 (suggested:  40 days after entry of this order).  The Defendants may submit applications for reimbursement of expenses connected with publishing the Notice of Settlement at or before the Settlement Hearing.

8. If the Court does not enter final approval of the Settlement Agreement, or if any final approval of the Settlement Agreement is reversed or vacated on appeal or on other judicial review, or if the Judgment entered by the Court does not become a Final Judgment as contemplated by the Settlement Agreement, then any order entered to effectuate the Settlement Agreement shall be vacated and this litigation shall be returned to the procedural posture that existed before the signing of this Order, without prejudice to the rights of any party.

9. Any other matters presented by Plaintiffs at any time, such as (i) any application

3

Settlement Funds, shall be considered separate and apart from this Court's consideration of whether to grant final approval of the Settlement Agreement. Any objections, controversies, or appeals concerning or arising from these other matters presented by Plaintiffs shall not delay or impact upon this Court's final consideration of the fairness, adequacy, or reasonableness of the Settlement Agreement.

SIGNED this ____8ᵗʰ____ day of ____March____, 2002.

By _____

UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT, FOR THE DISTRICT OF HAWAII
CIVIL NO. 98-00792-SPK: *Earl I. Anzai, etc. vs. Chevron Corporation, et al.*
"ORDER OF PRELIMINARY APPROVAL."

4