# EXHIBIT 4

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MARGERY S. BRONSTER, ATTORNEY GENERAL FOR THE STATE OF HAWAII, As *Parens Patriae* for the Natural Persons Residing in Hawaii, and on behalf of the State of Hawaii, its Political Subdivisions and Governmental Agencies, | ) CIVIL NO. CV 98-00792-SPK<br>)<br>)<br>)<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | )<br>) |
| CHEVRON CORPORATION; CHEVRON U.S.A., INC.; TESORO HAWAII CORPORATION, as Successor-In-Interest to BHP PETROLEUM AMERICAS REFINING INC.; BHP HAWAII INC.; SHELL OIL COMPANY; SHELL OIL PRODUCTS COMPANY; TEXACO, INC.; TEXACO REFINING AND MARKETING, INC.; TESORO PETROLEUM CORPORATION; TESORO HAWAII CORPORATION; TOSCO CORPORATION; UNION OIL COMPANY OF CALIFORNIA; and UNOCAL CORPORATION, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | )<br>) |

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JAN 28 2000

at 11 o'clock and 00 min. 01 M.
WALTER A. Y. H. CHINN, CLERK

## FINAL JUDGMENT

Before the Court is a motion for final approval of the terms of the Settlement Agreement between BHP Hawaii Inc., Tesoro Petroleum Corporation, BHP Petroleum Americas Refining Inc., Tesoro Hawaii Corporation and Plaintiffs.

Plaintiffs and Settling Defendants executed the Settlement Agreement attached as Exhibit A ("Settlement Agreement") on *Nov. 22*, 1999. On *Nov. 30*, 1999, this Court

1

11959\7_B_06!.DOC:358116

entered its Order of Preliminary Approval, scheduling a Settlement Hearing to consider whether the proposed settlement should be approved as fair, adequate and reasonable.

The Order of Preliminary Approval directed the Plaintiffs to give notice of the proposed settlement and the Settlement Hearing to the natural persons residing in the State of Hawaii at any time from January 1, 1990, to the present. Affidavits of publication, filed with the Court, demonstrate that this Court's directions with respect to the Notice of Partial Settlement have been complied with. The Court finds that this notice constituted the best notice practicable under the circumstances and that the notice complied with due process and with 15 U.S.C. § 15c.

The Settlement Hearing was held before the Court on _Jan. 28_, ~~1999~~ 2000, at which  time all interested persons were given an opportunity to be heard.

### Definitions

As used in this Final Judgment, the following terms have the following meanings.

1.1    Affiliates. "Affiliates" means those entities which were either (i) A Settling Defendant's direct or indirect parent entity(ies), or (ii) entities in which that Settling Defendant or its direct or indirect parent entities own, directly or indirectly, 50 percent or more of the ownership interest. Notwithstanding the foregoing, Affiliates of Settling Defendants do not include any Non-Settling Defendant or any Non-Settling Defendant's Affiliates.

1.2    Defendants. "Defendants" means Chevron Corporation; Chevron U.S.A., Inc.; BHP Hawaii Inc.; BHP Petroleum Americas Refining Inc.; Shell Oil Company; Shell Oil Products Company; Texaco Inc.; Texaco Refining and Marketing, Inc.; Tesoro Hawaii Corporation; Tesoro Petroleum Corporation; Tosco Corporation; Union Oil Company of California; and Unocal Corporation.

1.3    Lawsuit. "Lawsuit" means Civil No. 98-00792-SPK, in the United States District Court for the District of Hawaii, styled *Margery S. Bronster, Attorney General for the State of Hawaii, as parens patriae for the natural persons residing in Hawaii, and on behalf of the State of Hawaii, its Political Subdivisions and Governmental Agencies v. Chevron Corporation; Chevron U.S.A. Inc.; Tesoro Hawaii Corporation, as successor-in-interest to BHP Petroleum Americas Refining Inc.; BHP Hawaii Inc.; Shell Oil Company; Shell Oil Products Company; Texaco, Inc.; Texaco Refining and Marketing, Inc.; Tesoro Petroleum Corporation; Tesoro Hawaii Corporation; Tosco Corporation; Union Oil Company of California; and Unocal Corporation.*

1.4    Non-Settling Defendants. "Non-Settling Defendants" means Defendants who are not Settling Defendants.

1.5    Notice Expenses. "Notice Expenses" means the reasonable expenses incurred in providing reasonable notice to those natural persons residing or who have resided in the State of Hawaii pursuant to the Plan of Notice, including costs of publishing the Notice of Partial Settlement.

1.6    Plaintiffs. "Plaintiffs" means the Attorney General of the State of Hawaii as *parens patriae* for the natural persons residing in the State of Hawaii at any time from January 1, 1990, to the present and all others on whose behalf the Attorney General of the State of Hawaii brought this lawsuit as identified in the Complaint, the First Amended Complaint, and the Second Amended Complaint; and the legal representatives, predecessors, successors, and assigns of Plaintiffs.

1.7    Released Parties. "Released Parties" means: (i) severally and collectively, Settling Defendants, and all past and present agents, employees, officers, directors, representatives, attorneys, Affiliates, predecessors, successors and assigns of each Settling Defendant; and (ii) the State of Hawaii and its past and present Attorneys General and the agents, employees, representatives and attorneys of the Attorney General's office.

1.8    Settled Claims. "Settled Claims" means all claims, causes of action and liabilities of whatever nature or origin, known and unknown, that have been or could be asserted against Released Parties (including, but not limited to, contract claims, tort claims, and claims arising under state or federal statute, regulation or antitrust law) that arise from any act or acts occurring prior to the date of this Settlement Agreement and that relate to: (1) the pricing, sale, purchase, manufacture, exchange, marketing, delivery, and/or offering of gasoline, diesel, jet fuel and/or any other petroleum product or products; (2) the sale or purchase of assets located in the State of Hawaii, including the sale and purchase of the capital stock of BHP Petroleum Americas Refining Inc. and BHP Petroleum South Pacific Inc. and any government review process with respect to the sale and purchase of any assets; (3) any antitrust violation; (4) any allegation contained in the Lawsuit; or (5) any petroleum products that have been brought or that could have been brought by or on behalf of Plaintiffs in the Lawsuit.

"Settled Claims" does not include claims substantially unrelated to antitrust laws or regulations, deceptive trade practices, trade regulation or to claims in the Lawsuit, including, without limitation, environmental claims brought by the Plaintiffs and contractual claims of the Settling Defendants for monies owed by the Plaintiffs for the purchase of petroleum products by the Plaintiffs from the Settling Defendants.

4

1.9     Settlement Amount. "Settlement Amount" means the sum of $15 million less the amount of approved Notice Expenses in paragraph 7 below.  Of this amount BHP Hawaii, Inc. shall pay $12 million; and Tesoro Hawaii Corporation and Tesoro Petroleum Corporation (jointly and severally) shall pay a total of $3 million.

1.10    Settling Defendants.  "Settling Defendants" means BHP Hawaii Inc.; Tesoro Hawaii Corporation; Tesoro Petroleum Corporation; and BHP Petroleum Americas Refining Inc.

1.11    Settling Parties.  "Settling Parties" means Plaintiffs and Settling Defendants, severally and collectively.

The Court concludes that the Settlement Agreement is fair, adequate and reasonable, and that it should be approved.  It is, therefore

ORDERED as follows:

1.     This Court has original and supplemental jurisdiction to resolve by settlement and judgment all of the Settled Claims.

2.     The Attorney General of the State of Hawaii and the Special Deputy Attorneys General fairly and adequately protect the interests of those persons residing in the State of Hawaii at any time from January 1, 1990, to the present.

3.     Those persons who have filed timely and valid requests for exclusion from the settlement ("Opt-Out Claimants") are identified in Exhibit B to this Final Judgment.  The Opt-Out Claimants are not bound by this Final Judgment.  The Opt-Out Claimants shall not receive any benefit under the settlement.

4.     Those natural persons residing in the State of Hawaii at any time from January 1, 1990, to the present who have not filed timely and valid requests for exclusion from the

settlement ("Settlement Claimants") are bound by this Final Judgment and by the terms of the Settlement Agreement.

5.    The Settlement Agreement is fair, adequate and reasonable.  It is hereby finally approved in all respects, and the Settling Parties are hereby directed to consummate and perform its terms.

6.    The approval of the Settlement Agreement and the entry of this Final Judgment (i) fully releases and discharges Settling Defendants with respect to Settled Claims belonging to Plaintiffs and Settlement Claimants, (ii) releases Released Parties from liability for Settled Claims belonging to Plaintiffs and Settlement Claimants; and (iii) releases the State of Hawaii and its past and present Attorney Generals and the agents, employees, representatives and attorneys of the Attorney General's office from liability, if any, to Settling Defendants with respect to the Settled Claims.

7.    The application by Settling Defendants for reimbursement of the expenses associated with publishing the Notice of Partial Settlement is hereby granted.  Settling Defendants are awarded $ 54,886.08 as reimbursement of these expenses, deducted from the amount to be paid by Settling Defendants.

8.    Settling Defendants are dismissed with prejudice, and all claims in this lawsuit are dismissed with prejudice as to the Settling Defendants.

9.    This Final Judgment extinguishes any liability of Settling Defendants and Released Parties with respect to the Settled Claims.  Furthermore, the Settling Defendants' responsibility for the use or payment of any funds is extinguished once payment of the Settlement Amount is paid into the registry of the Court and any liabilities relating to the funds

11959\7_B_06!.DOC:358116

rest solely with the State of Hawaii after the payment into the registry of the Court of the Settlement Amount by the Settling Defendants.

10.    All state law claims in this lawsuit arise from the same nucleus of operative facts and form part of the same case or controversy as the federal claims alleged in this lawsuit.

11.    This Court shall retain continuing jurisdiction over the Settlement Amount, the Settling Parties and the Settlement Claimants for the purposes of enforcing, implementing, administering, construing and interpreting the Settlement Agreement.

12.    The Plaintiffs and Settlement Claimants are denied all relief not expressly granted by this Final Judgment.

13.    The Court determines that there is no just reason for delaying the entry of a final judgment dismissing the Settled Claims with prejudice against Settling Defendants.  The Court determines that this judgment should be a final judgment within the meaning of Rule 54(b), Fed. R. Civ. P., because the issue of determining whether the settlement is fair, adequate, and reasonable is separate and distinct from the remaining issues in the lawsuit which will determine what liability, if any, Non-Settling Defendants have to Plaintiffs.  Furthermore, the purpose of the settlement is to finally resolve the Settled Claims.  If the judgment is not final and immediately appealable, the Settling Defendants would be forced to continue to participate in the litigation for fear of an appeal that might occur in the distant future.  Such a result would frustrate of the public policy in favor of settlements concluding litigation and would discourage future settlements.  With the entry of a final judgment, the Settling Defendants have a guarantee of certainty without having to wait for the remainder of the case to be concluded.  Therefore, the Court expressly directs that this is a final judgment pursuant to Rule 54(b), Fed. R. Civ. P.

7

11959\7_B_06!.DOC:358116

14.    This Court finds that, as Plaintiffs have acknowledged, the Settlement Amount to be paid under the terms of the Settlement Agreement by the Settling Defendants is fair, adequate and reasonable in respect to the liability alleged. This Court further finds that it would be inequitable to permit any Non-Settling Defendant to recoup from any Settling Defendant pursuant to a claim for contribution, whether designated as a claim for contribution or for partial equitable indemnity, any amounts for which such Non-Settling Defendant must pay to Plaintiffs as a result of any further settlement or judgment herein. Accordingly, all such claims, if any, are hereby barred and forever extinguished pursuant to the terms set forth in paragraph 3.6 of the Settlement Agreement.

15.    This Final Judgment does not address any application for attorneys' fees and expenses and does not address any applications for the use or allocation of the settlement funds. Any objection, dispute, controversy or appeal related to any application for attorneys' fees and expenses or to any application for the use or allocation of the settlements funds shall not affect the finality of this Judgment.

SIGNED this ___28th___ day of ___January___, 2000.

_____
UNITED STATES DISTRICT JUDGE

8                                                11959\7_B_06!.DOC:358116