IMANAKA ASATO, LLLC
Steven K. S. Chung 1751
Anthony F. T. Suetsugu 9404
745 Fort Street Mall, 17th Floor
Honolulu, HI 96813
Telephone: (808) 521-9500
Facsimile: (808) 541-9050
Email: schung@imanaka-asato.com
asuetsugu@imanaka-asato.com

Attorneys for Defendants
CHEVRON CORPORATION and
CHEVRON U.S.A. INC.
(*Additional Counsel Listed On Signature Pages*)

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI‘I

| | |
|---|---|
| EARL I. ANZAI, ATTORNEY GENERAL FOR THE STATE OF HAWAII, as *Parens Patriae* for the Natural Persons Residing in Hawaii, and on behalf of the State of Hawaii, its Political Subdivisions and Governmental Agencies, | Civil No. 1:98-cv-00792-MWJS-WRP |
| Plaintiff, | **DEFENDANTS’ & INTERVENORS’ SUPPLEMENTAL BRIEF REGARDING RECUSAL BASED ON “PARTY” STATUS; CERTIFICATE OF SERVICE** |
| v. | |
| CHEVRON CORPORATION; CHEVRON U.S.A., INC.; TESORO HAWAII CORPORATION, as Successor-In-Interest to BHP PETROLEUM AMERICAS REFINING INC.; BHP HAWAII INC; SHELL OIL COMPANY; SHELL OIL PRODUCTS COMPANY; TEXACO, INC.; | (*caption continued on next page*) |

| | |
|---|---|
| TEXACO REFINING AND | ) |
| MARKETING, INC.; TESORO | ) |
| PETROLEUM CORPORATION; | ) |
| TESORO HAWAII CORPORATION; | ) |
| TOSCO CORPORATION; UNION OIL | ) |
| COMPANY OF CALIFORNIA; and | ) |
| UNOCAL CORPORATION, | ) |
| | ) |
| Defendants. | |

At the hearing on August 26, the Court raised the issue of whether Judge Smith "[i]s a party to the proceeding," and therefore must recuse under Judicial Canon 3C(1)(d)(i). *See also* 28 U.S.C. § 455(b)(5)(i). As the Court noted at the hearing, the Attorney General filed and settled this lawsuit (in part) as *parens patriae* on behalf of all natural persons residing in the State, and Judge Smith was a resident of the State at the time. The question, then, is whether every Hawaiʻi resident covered by that representation—including Judge Smith—is a "party to the proceeding" for purposes of mandatory recusal. The answer is no.

Movants have searched diligently and found no authority holding that a *parens patriae* action brought by a State on behalf of the general public makes individual members of the general public a "party" to the proceeding. "In order to maintain [a *parens patriae*] action, the State must articulate an interest *apart from the interests of particular private parties*, *i.e.*, the State must be more than a nominal party. The State must express a quasi-sovereign interest" such as an interest "in the health and well-being—both physical and economic—of its residents in general." *Alfred L. Snapp & Son, Inc. v. Puerto Rico, ex rel., Barez*, 458 U.S. 592, 607 (1982) (emphasis added). Although an action that deviates from those confines and seeks to bestow a personal benefit on individual State residents could potentially raise recusal issues, that is not the case here. Movants thus agree with Judge Smith that he need not recuse.

Movants have not found any example of a judge recusing in a *parens patriae* case because the judge was a citizen of the State whose attorney general brought the claim. On the contrary, judges routinely preside over *parens patriae* claims brought by attorneys general for the States where they reside, just as Judge King did here. *See, e.g.*, *Texas v. Google et al.*, No. 4:20-cv-957 (E.D. Tex.) (Texas district judge presiding over *parens patriae* Sherman Act claims brought by Texas attorney general and others); *see also* 28 U.S.C. § 134(b).

In any event, there is no need to resolve whether Judge Smith ever *was* a party to this case, because he plainly is not a party now. Any party status for Judge Smith would have arisen solely from the State's *parens patriae* claims, which were definitively "dismissed with prejudice" in 2002. Dkt. 1204-3, at 6. "The general rule is that once a person has been dismissed from an action he is no longer a party." *Andersen v. Khanna*, 827 F. Supp. 2d 970, 974 (S.D. Iowa 2011) (internal quotation marks and citation omitted). Movants revived this case by filing a post-judgment motion to enforce the Final Judgment solely against the State and its political subdivisions. And no individual Hawaiʻi resident is a party to that dispute, including Judge Smith.

The language of the recusal rules makes clear that party status should be assessed based on current circumstances, not based on past claims or disputes that were resolved long ago. Recusal is required when a judge "is" a party to the

proceeding in the present tense, not whenever the judge *was* a party during the pendency of decades-old claims that have long since been dismissed. 28 U.S.C. § 455(b)(5)(i); Canon 3C(1)(d)(i). And "the present tense generally does not include the past." *Carr v. United States*, 560 U.S. 438, 448 (2010).

To be sure, the rules state that a "proceeding" includes "pretrial, trial, appellate review, or other stages of litigation." 28 U.S.C. § 455(d)(1); Canon 3C(3)(d). But the operative question for recusal remains whether the judge "is" a party to the proceeding in the present tense. Thus, since Judge Smith cannot be considered a party to the proceeding *now*, it makes no difference whether he would have been deemed a party at earlier stages of the proceeding, decades ago.

Applying the party-recusal rule in the present tense would also respect its obvious purpose, which is to enforce the venerable maxim that "no man can be a judge in his own case." *Exxon Corp. v. Heinze*, 32 F.3d 1399, 1403 (9th Cir. 1994) (quoting *In re Murchison*, 349 U.S. 133, 136 (1955)). Because the sole issue presented now is whether to enforce the judgment against the State and its political subdivisions, this proceeding is not now Judge Smith's "own case" in any sense, if it ever was. He has no stake in whether the Final Judgment should be enforced.

## CONCLUSION

For these reasons, Judge Smith should not recuse himself from this case under Judicial Canon 3C(1)(d)(i) or 28 U.S.C. § 455(b)(5)(i).

DATED: September 4, 2026
Honolulu, Hawai‘i

Respectfully submitted,

/s/ *Steven K. S. Chung*

Steven K. S. Chung
Anthony F. T. Suetsugu
IMANAKA ASATO, LLLC
745 Fort Street Mall, 17th Floor
Honolulu, HI 96813
Telephone: (808) 521-9500
Facsimile: (808) 541-9050
Email: schung@imanaka-asato.com
asuetsugu@imanaka-asato.com

Anthony J. Dick*
Christopher S. Dinkel*
JONES DAY
51 Louisiana Avenue, N.W.
Washington, DC 20001
Telephone: (202) 879-3939

Caroline N. Mitchell*
Jerry C. Ling (8260)
JONES DAY
555 California Street, 26th Floor
San Francisco, CA 94104
Telephone: (415) 626-3939

David Phillips*
JONES DAY
4655 Executive Drive, Suite 1500
San Diego, CA 92121
Telephone: (858) 314-1200

Theodore J. Boutrous Jr.*
William E. Thomson*
GIBSON DUNN
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: (213) 229-7000

Joshua D. Dick*
GIBSON DUNN
One Embarcadero Center, Suite 2600
San Francisco, CA 94111-3715
Telephone: (415) 393-8200

Andrea E. Smith*
PAUL, WEISS
845 Texas Avenue, Suite 200
Houston, TX 77002
Telephone: (713) 804-0206

Attorneys for Defendants
CHEVRON CORPORATION and CHEVRON U.S.A. INC.
**pro hac vice*

Joachim P. Cox 7520-0
Randall C. Whattoff 9487-0
COX FRICKE LLP
800 Bethel Street, Suite 600
Honolulu, HI 96813
Telephone: (808) 585-9440
Facsimile: (808) 275-3276

Josh Cohen*
Nicholas Folly*
Elizabeth Costello*
DEBEVOISE & PLIMPTON LLP
650 California Street
San Francisco, CA 94108
Telephone: (415) 738-5700
Facsimile: (415) 644-5628

Attorneys for Defendants
SHELL USA, INC. (f/k/a SHELL OIL COMPANY) and
SHELL OIL PRODUCTS COMPANY LLC
**pro hac vice*

Eliot Turner*
Rachel Roosth*
NORTON ROSE FULBRIGHT US LLP
1550 Lamar Boulevard
Suite 2000
Houston, TX 77010
Telephone: (713) 651-5151

Attorneys for Defendant
WOODSIDE ENERGY HAWAII INC.
**pro hac vice*

William G. Meyer, III 002513
Scott W. Settle 005600
Ian P. Luthringer 011536
Julia K. Brotman 010884
SETTLE MEYER LAW, LLLC
900 Fort Street Mall, Suite 1800
Honolulu, HI 96813
Telephone: (808) 540-2400
Facsimile: (808) 694-3050

Matthew T. Martens, Esq.*
WILMER CUTLER PICKERING HALE AND DORR LLP
2100 Pennsylvania Avenue NW
Washington, DC 20037
Telephone: (202) 663-6000
Facsimile: (202) 663-6363

Robert Kingsley Smith, Esq.*
WILMER CUTLER PICKERING HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

Hallie B. Levin, Esq.*
WILMER CUTLER PICKERING HALE AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Telephone: (212) 230-8800
Facsimile: (212) 230-8888

Attorneys for Intervenors
CONOCOPHILLIPS and CONOCOPHILLIPS COMPANY
**pro hac vice*

Gregory W. Kugle 006502
Ross Uehara-Tilton 010743
David H. Abitbol 011635
Kira-Nariese K. Brown 011797
DAMON KEY LEONG KUPCHAK HASTERT
1003 Bishop Street, Suite 1600
Honolulu, HI 96813
Telephone: (808) 531-8031

Sean M. Berkowitz*
LATHAM & WATKINS LLP
330 North Wabash Avenue,
Suite 2800
Chicago, IL 60611
Telephone: (312) 876-7700

Nicole C. Valco*
Katherine A. Rouse*
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
Telephone: (415) 391-0600

Attorneys for Intervenors
PHILLIPS 66 and PHILLIPS 66 COMPANY
**pro hac vice*